No. 21,041.

HARVEY MARKHAM, as Trustee of the Estate of WILLIAM L. WATERMAN, a Bankrupt, *Appellant*, v. MARY K. WATERMAN and WILLIAM L. WATERMAN, *Appellees.*

### SYLLABUS BY THE COURT.

BANKRUPTCY—*Farm Belonging to Wife—No Part of Bankrupt's Estate.* The facts concerning the acquisition of a farm by a wife, some fifteen months prior to the bankruptcy of her husband, examined, and held to show no basis for the contention that the farm was purchased with the moneys of the husband with the design of putting his property beyond the reach of creditors.

Appeal from Washington district court; JOHN C. HOGIN, judge. Opinion filed July 5, 1919. Affirmed.

*Edgar Bennett*, of Washington, *Joseph G. Logan*, of Topeka, *C. S. Denison, John L. Kirkpatrick, Edwin A. Krauthoff, W. S. McClintock*, and *A. L. Quant*, all of Kansas City, Mo., for the appellants.

*F. C. Baldwin*, and *J. R. Hyland*, both of Washington, *Park B. Pulsifer, Charles L. Hunt*, and *Clyde L. Short*, all of Concordia, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff is the trustee in bankruptcy for the estate of the defendant, William L. Waterman. The defendant, Mary K. Waterman, is William L. Waterman's wife.

In this action the plaintiff asserts his ownership, as trustee in bankruptcy, of a farm acquired by Mary K. Waterman in January, 1916, some fifteen months before the bankruptcy of her husband. This claim is founded upon plaintiff's assumption that the farm was purchased with the moneys of William, with the design of putting his property beyond the reach of creditors, he being then heavily in debt.

Plaintiff was defeated in the trial court, and his appeal here is simply the contention that the judgment below should have been in his favor.

We think not. There is no question of law in the case. It all turns on the question of fact, and that question is singularly free from difficulty. That portion of the evidence which the trial court saw fit to believe—and which was not contradicted, although inferences seeking to discredit it are attempted— shows that William and Mary were married over twenty years ago ; that on Mary's marriage her father gave her a small start in cattle; and that for many years she and her husband did not keep a strict record of what part of the increasing herd belonged to her and what part to him ; but that in 1910 she received $300 from her father's estate, and that in 1912 she received $100 from the same source. Still later she received additional sums, $50 and $240. She loaned $400 of this money to her husband. This money was to be repaid on her demand. In 1916 William's financial embarrassments impelled Mary,

for her own protection, to deal more formally with her husband in business affairs. She caused him to purchase this farm for her. The price was $6,400. She raised $5,000 of the purchase price by mortgaging the farm for that sum; she borrowed $1,000 from her brother; and her husband repaid to her the $400 which he owed her. Other minor incidents need not be narrated. Her crops were good, and she has thereby reduced her indebtedness for the farm to some extent. No shadow of error appears, and the judgment is affirmed.