Chaplin v. Chaplin.

———

No. 22,195.

ALBERT CHAPLIN, *Appellant*, v. GEORGE CHAPLIN, *Appellant*,
ELLA RHODER, *Appellee*, et al.

SYLLABUS BY THE COURT.

PROVISIONAL WARRANTY DEED—*Testamentary in Character—Inoperative for Want of Witnesses.* The insertion in a warranty deed of a provision that it shall be void in case the grantee dies before the grantor indicates a purpose that the title shall pass only in the event the grantee shall survive the grantor, and renders the instrument testamentary in character and therefore inoperative for want of witnesses. The fact that it was executed shortly after the grantor had suffered a paralytic stroke, in consideration of the care and kindness of the grantee, his brother, and the probability that he would be a burden on him for some time to come, does not militate against this construction.

Appeal from Cheyenne district court; WILLIAM S. LANGMADE, judge. Opinion filed November 8, 1919. Affirmed.

*E. E. Kite*, of St. Francis, for the appellants.
*J. L. Finley*, of St. Francis, for the appellee.

The opinion of the court was delivered by

MASON, J.:   This case turns upon whether title to an interest in a tract of land was conveyed to George Chaplin by an instrument executed by John Chaplin, the appellants maintaining the affirmative, the appellee the negative.   The facts are established by findings which are not attacked.

The instrument in question was in the form of an ordinary warranty deed, save that after the clause warranting the title to be clear were inserted the words "except in case party of the 2nd part [the grantee] becomes deceased before party of the 1st part [the grantor] this deed shall be null and void."

The grantor (who died on April 14, 1916) had a stroke of paralysis on February 12 of that year, and on the 7th day of March following, being somewhat recovered, executed the purported deed, as found by the court, "in consideration of the care and kindness of his brother George (the grantee) on his behalf, and the probability that he would be a burden upon him for some time to come, and out of brotherly love and affection also."

The appellants invoke the rule that in construing a deed the first of two repugnant clauses must control.   (*Durand v. Higgins*, 67 Kan. 110, 124, 72 Pac. 567; *Brady v. Fuller*, 78 Kan. 448, 453, 96 Pac. 854.)   While in some circumstances there may still be a field for the operation of that rule, it cannot prevail against the practice in this jurisdiction of endeavoring to ascertain the actual intention of the grantor from a consideration of all parts of the deed.   (*Markham v. Waterman*, 105 Kan. 93, 95, 96, 182 Pac. 546.)   The appellants also cite cases (such as *Nolan v. Otney*, 75 Kan. 311, 89 Pac. 690) to the effect that the reservation of a life interest in the grantor does not render the instrument testamentary in character, since it permits the immediate vesting of the title, the enjoyment alone being postponed.   We do not, however, regard the present case as analogous to those.   Here the grantor does not undertake, either by words properly adapted to that purpose or by language seeming to have been intended to have that effect, to pass the title to the grantee, reserving to himself the enjoyment of the property during his lifetime.   His real purpose, as we gather it from the entire document, appears to

have been to keep the property himself unless the grantee should survive him. His expression was that the deed should be void if the grantee should die first; that is, not merely that the deed should not be effective to transfer the right of possession until the grantor's death, but that nothing whatever should pass under it unless the grantee should survive him. We consider this to be the meaning derivable from the face of the writing, and the circumstances under which it was executed tend to confirm, rather than to overthrow, this interpretation. As so construed, the instrument was testamentary in character and invalid for want of witnesses.

The judgment is affirmed.