No. 22,833.

GEORGE A. RICE, *Appellant*, v. LEE MONROE, as Executor, etc., BILLY SMITH, a Minor, and LEE MONROE, his Guardian ad litem, *Appellees.*

### SYLLABUS BY THE COURT.

WILL—*Contest—Attestation—Prima Facie Proof of Attestation—Evidence of Attesting Witnesses.* The attestation clause of a will recited that the testatrix, in the presence of the subscribing witnesses, signed the instrument and declared it to be her last will and testament, and that the subscribing witnesses, at her request and in her presence and in the presence of each other, signed their names thereto as subscribing witnesses. The will was probated on signed statements of the subscribing witnesses, sworn to before the probate judge, establishing the facts recited in the attestation clause. On the trial of an action to contest the will, the subscribing witnesses testified that the testatrix was not present when they placed their signatures on the will, and otherwise negatived the statements of the attestation clause. The statute of wills provides that on the trial of an action to contest a probated will, the order of probate shall be *prima facie* evidence of due execution and attestation. Held:

1. The question raised by the testimony was one of fact.

2. The court was not obliged to believe the witnesses, and it was not arbitrary conduct on the part of the court to uphold the will against their testimony.

3. The testimony not being sufficiently convincing to warrant an inference that the will was not properly executed and attested, the court was authorized to return affirmative findings of due execution and attestation, based on the *prima facie* evidence supplied by the order of probate.

Appeal from Pottawatomie district court; ROBERT C. HEIZER, judge. Opinion filed March 12, 1921. Affirmed.

*Maurice Murphy,* of St. Marys, and *A. E. Crane,* of Topeka, for the appellant.

*Guy L. Hursh, E. R. Sloan,* and *C. M. Monroe,* all of Topeka, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one to set aside a will. The plaintiff was defeated, and appeals.

Rice v. Monroe.

The petition alleged that the will was not executed as the law requires, because it was not attested and subscribed in the presence of the testatrix, by witnesses who saw her sign or heard her acknowledge it. The concluding portion of the will and the attestation read as follows:

"IN WITNESS WHEREOF, I have hereunto set my hand, and hereby publish and declare this instrument as my last will and testament, at St. Marys, Kansas, on this 16th day of September, 1914.

"LUCY L. SMITH.

"The aforesaid Lucy L. Smith, in our presence at St. Marys, Kansas, on the 16th day of September, 1914, signed the foregoing instrument, and in our presence declared the same to be her last will and testament, and we, at her request and in her presence and in the presence of each other, have hereunto written our names as subscribing witnesses hereto.

"JOHN T. MOSS.
"J. M. CONLON."

The will was probated on signed statements of the subscribing witnesses, sworn to before the probate judge, establishing due execution and attestation.

At the trial the subscribing witnesses testified that the testatrix was not present when they placed their signatures on the will, and in other respects negatived the attestation clause. The court made the following findings of fact:

"First: That the will in question in this case was signed by Lucy L. Smith, in the presence of the subscribing witnesses, John T. Moss and J. M. Conlon.

"Second: That the will in controversy was signed by John T. Moss and J. M. Conlon, as witnesses, in the presence of Lucy L. Smith, at her request, and in the presence of each other."

The plaintiff says no affirmative testimony showing due attestation was offered in opposition to the testimony of the subscribing witnesses, and consequently their testimony should have prevailed. The district court was not obliged to believe the testimony of the subscribing witnesses. The witnesses were discredited by the law. Witnessing a will is a matter of great importance and solemnity, and especially so because dispute about it does not arise until the testator's lips are sealed. The law is disposed to consider so grave an act as done rightly, and a witness so light of conscience that he will sign a false attestation, need not be taken seriously when he undertakes to repudiate it. The witnesses were impeached by the attestation clause itself. That clause contained a declaration in writing, signed

by the witnesses, that on a specified day the testatrix signed the will in their presence, and that, at her request and in her presence and in the presence of each other, they subscribed their names as witnesses. The plaintiff cites cases regarding effect of an attestation clause in a proceeding to probate a will, and in an appeal from an order probating or refusing to probate a will. We have no such case here. The action was one to contest the will, after probate, and it was proper to confront the witnesses with their former declaration, precisely the same as if it had been contained in any other signed instrument. The witnesses were impeached by their testimony given at the probating of the will. Their testimony given on that occasion disregarded truth and the sanctity of their oaths, or their testimony given at the trial did so; and it is not arbitrary conduct on the part of a court to uphold a probated will against subsequent testimony of the subscribing witnesses falsifying their attestation. Finally, so far as this court knows the district court may have disbelieved the witnesses because of their demeanor while testifying.

The plaintiff says that, conceding the subscribing witnesses were not believed, there was no testimony showing the will was attested according to law; the findings of the court must therefore rest on presumption; and it is not permissible to base an affirmative finding of fact on presumption. The statute reads as follows:

"The order of the probate court shall be *prima facie* evidence on the trial of such action [to contest a probated will] of the due attestation, execution and validity of the will." (Gen. Stat. 1915, § 11776.)

The effect of probate as evidence in an action to contest a will is discussed in the case of *Kilgore v. Gannon,* 185 Ind. 682. In that case the evidence was not taken up, and the following instruction was held bad under any state of facts that might have been proved:

"Gentlemen of the jury, if you find by a preponderance of the evidence in this case that the will in question has been admitted to probate, then I instruct you that such fact is *prima facie* evidence that the deceased, Hugh M. Kilgore, was a person of sound mind at the time the will in question was executed, and that said will was duly and properly executed." (p. 683.)

There was no statute of the state of Indiana pertaining to the controversy, similar to the Kansas statute.

Formerly, a proponent was obliged to prove proper execution and attestation of a challenged will. He did this as he still procures probate of the instrument. He called witnesses who testified to facts. The purpose of the statute was to relieve the executor of this burden. The legislature chose to speak in terms of evidence, and in place of the testimony of witnesses it substituted another form of evidence, the order admitting the will to probate, which stands as an epitome of all the executor was obliged to prove. It is not only proper, but desirable, that the jury should understand the executor is not required to call witnesses to establish the will, but may rest on the *prima facie* case made for him by the order of probate; and an instruction substantially in the language of the statute is not open to objection.

In the case of *Scott v. Thrall,* 77 Kan. 688, 95 Pac. 563, a will was contested on the ground of alteration. In the opinion the court said:

"In this case the burden of proof was upon the plaintiff under the pleadings and by force of the statute. The will in the condition in which it was when probated was *prima facie* valid. . . . The vital question in the district court was whether the evidence of the plaintiff in support of his claim that the alteration had been made after the execution of the will was sufficient to overcome the *prima facie* effect of the probate, considered in connection with all the testimony. This was a question of fact, upon all the evidence, including the will itself, the letter referred to, the photographs and testimony explanatory thereof, the physical and mental condition of the testator, the nature and situation of his property, the natural claims of the legatees upon his bounty, his relations with and feelings toward them, and all the circumstances appearing in the evidence, aided by all reasonable and proper presumptions. The conclusion of fact to be deduced from all this was for the court as the trier of the facts." (p. 694.)

The court did not intend to say the order of probate was to be weighed as evidence of the same class, and in the same way, as appearance of the will, the letter, photographs, and other proof. Even in a criminal case, the presumption of innocence is not evidence in this sense (*The State v. Reilly,* 85 Kan. 175, 116 Pac. 481). The court did mean, however, that the effect of the *prima facie* evidence supplied by probate did not vanish entirely with the direction given the plaintiff's attorney, at the commencement of the trial, to begin introducing his evidence. When all the evidence was in, and the court had

reached the point at which it was obliged to state validity or invalidity in a finding of fact, the statutory evidence was still potent, and the question then was whether or not it had been overcome.

The practical consequences of this view are not substantially different from what they would be if it were said the statute creates a presumption of validity. The contestant proceeds first, the executor may elect to offer nothing in opposition, and unless the trier of fact be satisfied that the will is invalid, the contestant fails. The view stated, however, seems to keep a little nearer to the facts.

Speaking of a statutory presumption that a person killed or injured through negligence of another was in the exercise of due care, the supreme judicial court of Massachusetts said the statute did not create any new evidence, and added:

"The presumption of due care created by the statute is not itself evidence. It is a simple rule to which resort is had when there is a failure of evidence. A presumption ordinarily is not evidence, but is a rule about evidence. [Citing authorities.] 'Presumptions are not indulged to supply the place of facts; they are never allowed against ascertained and established facts. When these appear, presumptions disappear.' (*Lincoln v. French*, 105 U. S. 614, 617.) The presumption of the present statute is merely like numerous other presumptions. It stands only until the facts are shown." (*Duggan v. Bay State Street Railway*, 230 Mass. 370, 378.)

Historically, the statute of this state did in fact create one kind of evidence to take the place of another kind. It is at least consistent to frame the legal theory accordingly, and say that the statutory evidence stands, and prevails, unless and until overthrown by ascertained and established facts.

The principle involved was considered in the case of *Railway Co. v. Geiser*, 68 Kan. 281, 75 Pac. 68. A statute made one fact, setting out fire in operating a railroad, evidence of another fact, negligence in setting out the fire. Opposed to the statutory evidence of negligence was positive testimony of faultless equipment and faultless management. The case was submitted to a jury, which returned findings of faulty equipment and faulty management. In affirming a judgment based on the findings, the court stated the following rules:

"The statute of this state makes causing of fire by the operation of a railroad *prima facie* evidence of negligence on the part of the company.

This being shown, it becomes a question of fact for the jury, not of law for the court, to determine whether such *prima facie* case is overcome by the evidence of the company that the engine which set out the fire was equipped with the latest devices, in good repair, and being carefully managed by competent employees.

"The fact of the setting out of fire by the operation of a railroad is evidence, not merely presumption, of negligence, and as such must be met and overcome by evidence to the satisfaction of the jury." (Syl. ¶¶ 1, 2.)

In the present case, probate of the will was admitted, and it is assumed the executor produced nothing to break the force of the contestant's evidence. The contestant's evidence was not sufficiently convincing to warrant an inference that the will was not properly executed and attested. There remained to the court what the statute declares to be *prima facie* evidence of due execution and attestation, and on that basis the court properly predicated an affirmative finding.

The plaintiff complains because the executor was permitted to introduce two letters in evidence. The evidence was properly received, and if it were not, the presumption would be that the court disregarded it.

The judgment of the district court is affirmed.