No. 25,163.

MAYRE M. COLMAN, *Appellant,* v. C. E. LINDLEY, Administrator of the Estate of MARY L. WILLIS, et al., *Appellees.*

SYLLABUS BY THE COURT.

1. WILL—*Contest—Order Probating Will Prima Facie Evidence of Due Execution and Attestation.* An order probating a will is statutory and *prima facie* evidence that it had been duly executed and attested and stands as conclusive, except as to parties under disability or where an action to contest the will is brought within the prescribed time and in such an action it is competent evidence of due execution and attestation.

2. SAME—*Will Admitted to Probate—Burden Upon Contestor to Establish Grounds of Contest.* In the contest of a will which has been admitted to probate, the burden is upon those contesting it to establish the grounds of contest.

3. SAME—*Contest—Evidence of Attesting Witnesses and Circumstances Shown Sustain the Will.* A will drawn in the handwriting of the testatrix, was presented by her to witnesses with the statement that it was her will which she wished them to sign and attest and which they did without observing whether the signature of the testatrix had already been attached to the will. After the death of the testatrix the will which was in due form and to which her name had been attached was admitted to probate. In a contest of the will the probate of the will was shown and the circumstances of the attestation by the witnesses as stated. Upon the evidence and the inferences that the trial court might make from it, it is held that its finding that the will was duly executed and attested should be sustained.

Appeal from Douglas district court; HUGH MEANS, judge. Opinion filed April 5, 1924. Affirmed.

*Tom Harley,* of Lawrence, for the appellant.

*C. E. Lindley,* and *C. C. Stewart,* both of Lawrence, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action to contest a will. Judgment went in favor of defendants, and plaintiff appeals.

About two weeks before her death, Mary L. Willis, prepared a will written by herself to which her name was signed and below it were appended the signatures of two attesting witnesses. Shortly after her death the instrument was offered and admitted to probate. Later the present action was brought to contest the will upon the grounds that it had not been properly executed and attested. It was shown that the provisions of the will and the signature of the testatrix was

in her handwriting, but it was contended that the instrument had not been signed by Mrs. Willis when the witnesses attached their names to the will. Neither of the witnesses saw the testatrix sign her name to the will. One, Mrs. Anderson, stated that Mrs. Willis brought the instrument to her, stating that it was her will and asking her to sign the same as a witness. She said that she did so but she also stated that she did not notice whether or not Mrs. Willis' name had been signed to the instrument before she subscribed her name to it. She further stated that the instrument was folded and that she did not see or learn a word that was in it. The other witness, Mrs. Copenhaver, stated that she attached her name to the instrument at the request of Mrs. Willis, who spoke of it as her will. She did not see Mrs. Willis sign the instrument but thinks that the will had been signed before she attached her name to it. Both of these witnesses stated that Mrs. Willis was of sound mind and memory at the time and was under no restraint or undue influence. It may be said that there is no claim by the plaintiff that the testatrix was incapable of making a valid will, nor that its execution was procured by undue influence or fraud of any kind. The contention is that the instrument was not attested and signed as the statute requires. It is said that there can be no valid attestation of a will until it has been signed by the testatrix and that as the witnesses did not see her sign the will nor her signature on it when they subscribed their names to it, it is not a valid will. In the matter of the execution and attestation of wills no more is necessary than the statute requires. It provides:

"Every last will and testament, except such as is mentioned in section sixty-nine of this act, shall be in writing, and signed at the end thereof by the party making the same, or by some other person in his presence and by his express direction, and shall be attested and subscribed in the presence of such party by two or more competent witnesses, who saw the testator subscribe or heard him acknowledge the same." (R. S. 22-202.)

As will be observed a formal publication of the will is not required nor is it necessary that the witnesses should attest and subscribe the names in the presence of each other, nor yet is it necessary that they shall have seen the testatrix subscribe her name to the will. If they did not see her sign the will, it is enough if she acknowleged it to be her will. Upon its face the will was in due form, the name of the testatrix was signed at the end of the will and under her signature were the names of the attesting witnesses. The will had been propounded for probate and upon proof that was

satisfactory to the probate court that tribunal found that it had been duly executed and attested and therefore admitted it to probate. That was a judicial inquiry and the order made constituted statutory evidence of the facts of execution and attestation. (*Rice v. Monroe*, 108 Kan. 526, 196 Pac. 756.) The order admitting a will to probate is binding upon everyone interested except as to parties under legal disability and must stand as conclusive unless an action is brought to contest the will within a prescribed time. In such an action the order of probate is regarded to be *prima facie* evidence of the due attestation, execution and validity of the will. (R. S. 22-222, 22-224; *Scott v. Thrall*, 77 Kan. 688, 95 Pac. 563.) This being a proceeding to contest the will the concession that it had been admitted to probate, warranted an affirmative finding of the trial court that the will was properly executed and attested and it must stand as valid unless the evidence produce by the plaintiff overcame that of the defendants. Having shown the probate of the will with the accompanying inferences of its due execution and attestation, the burden of proof then rested upon the plaintiff to establish her grounds of contest. (*Rice v. Monroe*, supra, 28 R. C. L. 398.) If the plaintiff has not overcome the statutory evidence produced by the defendant, she must lose. Does the fact that one or both of the witnesses who signed the will did not see the testatrix sign the same or observe that her name was attached to it before subscribing their names, establish invalidity? The testatrix as we have seen presented the instrument to the witnesses as a will. That implies an acknowledgment that the will was hers and had been completed. In effect she requested them to attest a will in which she had made a disposition of her property and in the absence of direct evidence to the contrary it warrants an inference that she had signed it before presenting it for attestation by the subscribing witnesses.

In a Michigan case where a will had been written by the testator as in this case, he asked two friends to witness it, and to ᵗ̣ᵉ̣ᵗ that he was in his right mind. They subscribed their names ⁱⁿ the places marked by the testator, but the document was so folded that they did not see any of the writing in it or the signature of the testator. It was held that the mere failure of the witness to see the signature of the testator did not render the will a nullity. It was further held that where a testator requested two friends to witness an instrument which he said that he had drawn himself as his will,

Colman v. Lindley, *Administrator.*

and that he wished them to see that he was in his right mind, it will be presumed that the testator had signed the will before requesting them to witness it, though the witnesses did not see the testator's signature, owing to the fact that the paper was folded. (*In re* Dougherty's Estate, 168 Mich. 281.)

In *Hogan and Wife v. Grosvenor,* 10 Metcalf (Mass.) 54, the will was in the handwriting of the testator. He took the paper from his desk, asked the witness to sign it, pointing out the place where he wished him to put his name, and the witness did so not knowing what the paper was and not noticing the signature of the testator on the paper, and this was held a good attestation of the will. In deciding the case the court cited *Dewey v. Dewey,* 1 Metcalf, 349, 354, in which it was said:

"It can hardly be supposed that the testator, who was by his own active agency procuring the authentication of the instrument by the requisite witnesses, would have omitted the first step necessary to its due execution, viz. the signature by himself."

In *British Museum v. White,* 3 M. & P. 689, 702, 6 Bing. 310, 320, the will was signed by witnesses who did not see the signature of the testator upon the paper and did not know whether it was there at the time they signed it. It was said:

"When therefore we find the testator knew this instrument to be his will; that he produced it to the three persons, and asked them to sign the same; that he intended them to sign it as witnesses; that they subscribed their names in his presence, and returned the same identical instrument to him, we think the testator did acknowledge in fact, though not in words, to the three witnesses that the will was his."

This was held to be a sufficient attestation of the will. (See, also, *Wright v. Wright,* 7 Bing. 457; *Ela et al. v. Edwards,* 82 Mass. 91; Matter of Application of Beckett, 103 N. Y. 167; Case and note, Ann. Cas. 1913 B. 1300; 1 Jarman on Wills, 5th ed. 212.)

While there is some conflict in the authorities as to the question under consideration we think the better line sustains the judgment of the trial court. The evidence and facts relied upon by the plaintiff did not overcome that produced by the defendant to the effect that the will had been executed when it was presented to and signed by the attesting witnesses.

Judgment affirmed.