No. 31,540

B. P. Toley and Frank Wilson, *Appellants,* v. A. P. Woodard and F. L. Barnett, Executors, etc., and Daisy L. Grinstead, *Appellees.*

(36 P. 2d 1019)

Opinion filed November 3, 1934.

*Benjamin H. Brown, John W. Adams,* both of Wichita, and *E. P. Blakemore,* of Chicago, Ill., for the appellants.

*A. P. Woodard, W. D. Jochems, J. Wirth Sargent, C. Edward Murray, Emmet A. Blaes,* all of Wichita, and *Fred Robertson,* of Kansas City, for the appellees.

The opinion of the court was delivered by

Burch, J.: The action was one to contest the will of Nannie A. Jones. Plaintiffs were defeated, and appeal.

The petition charged the will was the product of undue influence practiced on the testatrix. Plaintiffs produced no evidence to support the charge, and the court properly sustained a demurrer to plaintiffs' evidence so far as the charge of undue influence was concerned.

The petition charged the testatrix lacked mental capacity to make a will. There was some testimony to sustain the charge. There was clear and convincing testimony the testatrix was perfectly competent to make the will. The court believed that testimony, found accordingly, and so far as the issues presented by the pleadings are concerned, the appeal is groundless.

Plaintiffs say the court erred in sustaining the demurrer to their evidence "based on fraud." Fraud was not pleaded, and there was no evidence of fraud practiced on the testatrix.

Plaintiffs say the will was not properly witnessed. The will was signed and witnessed at the residence of the testatrix. The signature was at the end of the will, and was followed by an attestation which reads:

"The foregoing, signed by the said testatrix, Nannie A. Jones, as and for her last will and testament, in our presence, and we, at her request, and in her sight and presence, and in the presence of each other, have hereunto subscribed our names as witnesses, at Wichita, this 8th day of December, 1932.

Dr. C. R. Price, Witness.
Pearl Wideman, Witness."

Pearl Wideman lived next door but one to the testatrix. The testimony was Pearl Wideman was called by telephone to come over and witness a will. She testified she went right over, but after arrival did not know what she was there for. She testified in detail to the signing of the will and to her signing the attestation, but she testified she didn't know what it was all about.

The petition pleaded the will had been admitted to probate. That included calling of witnesses to the will, taking their testimony, reducing the testimony to writing and recording it, and included a finding by the probate court that the will was duly attested. (R. S. 22-213, 22-218.)

The effect to be given the testimony of a witness who undertakes to impeach the integrity of his own act in witnessing a will was discussed in the opinion in the case of *Rice v. Monroe*, 108 Kan. 526, 196 Pac. 756. In concluding the discussion the court said it was not arbitrary conduct on the part of the trial court to uphold a pro-

bated will against subsequent testimony of subscribing witnesses falsifying their attestation. In this instance lack of attestation was not pleaded as a ground of contest of the will. After the testimony of Pearl Wideman—impeached as it was in so many ways—had been given, plaintiffs did not see fit to ask leave to amend the petition, and the district court, in deciding the case, properly said the only question for determination was mental capacity of the testatrix.

Plaintiffs produced evidence that the testatrix had deposited a former will with the probate court which was withdrawn and was destroyed by her attorney. The will was withdrawn pursuant to the following order:

"To probate judge, Sedgwick county, Kansas. Please give my attorney, A. P. Woodard, my will that I have on file in your office, as it has become necessary that I make another will.

(Signed)     NANNIE A. JONES.

MORTON W. GRINSTEAD, Witness."

The issues have been outlined. There was no charge in the petition that the probated will was not the will of the testatrix because a previous will had not been revoked. Suppose there had been such an allegation. Plaintiffs' action was based on the fact they were heirs of the testatrix and took under the law. If there was a previous valid, unrevoked will, plaintiffs were out as heirs, and could attack the probated will only as beneficiaries under the earlier will. They did not pretend they were suing in any such capacity.

This is not a case in which a probated will is contested on the ground it was revoked by a subsequent will. (*Caeman v. Van Harke*, 33 Kan. 333, 6 Pac. 620.) It is contended the last will was affected in some way by a previous will, and it is elementary that all presumptions are in favor of the probated will. If it could be affected in some way by a previous will, the burden rested on plaintiffs to establish a duly executed, duly witnessed, and otherwise valid and unrevoked will, by evidence as cogent as that required to entitle a document to probate as a will. Plaintiffs had no such evidence.

Conceding the first instrument was properly executed and attested and was otherwise a valid will, there was conclusive proof the testatrix desired that it be withdrawn because it had become necessary she should make another will. Whether regularly or irregularly withdrawn, it was withdrawn. Whether regularly or irregularly destroyed, it was destroyed. Then the testatrix made another will, which was admitted to probate. While the probated will did not

contain an express statement that the former will was revoked, the probated will contained an express statement it was the last will and testament of the testatrix. The will disposed of all the property the testatrix possessed. Therefore, as a matter of law, the former will was revoked:

"A will shall be revoked by . . . some other will or codicil in writing executed as prescribed by this act, or by some other writing signed, attested and subscribed in the manner provided by this act for the making of a will; . . ." (R. S. 22-241.)

There is nothing else of importance in the case, and the judgment of the district court is affirmed.