No. 36,036

In the Matter of the Estate of John J. Charles, Deceased. (JAMES MALONE, Administrator, *Appellant*, v. MICHAEL CHARLES, *Appellee*.)

(146 P. 2d 395)

Opinion filed March 4, 1944.

*James Malone, Harry K. Allen* and *L. M. Ascough,* all of Topeka, were on the brief for the appellant.

*J. K. Rankin,* of Topeka, was on the brief for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This proceeding originated in the probate court of Shawnee county upon the petition of James Malone for the probate of the will of John J. Charles, deceased. A copy of the instrument attached is in the form of the joint and reciprocal will of John J. Charles and his wife, Minnie Charles, and purports to have been executed October 1, 1941. The petition alleged that Minnie Charles died November 4, 1942, and that John J. Charles died December 10, 1942. It also alleged that M. A. Hefner was named in the will as executor thereof, but that he declined to accept the appointment, and contained other pertinent allegations. A written defense to the petition upon the ground it was not executed as required by law was filed by Michael Charles, brother of John J. Charles. After waivers of notice and a hearing the probate court made an order admitting the will to probate and appointing James Malone as administrator with the will annexed. Michael Charles appealed from this order to the district court, where there was a trial *de novo,* in which evidence was introduced on behalf of the petitioner and also on behalf of the defendant. On July 15, 1943, the court found "from all of

said testimony, that the said will was not properly witnessed and attested" and that it was not entitled to probate. Judgment was rendered accordingly. On August 27, 1943, the petitioner served and filed a notice of appeal from the judgment "made and entered herein on the *30th day of June*, 1943, and more specifically from the ruling that the will of John J. Charles, deceased, was not properly witnessed and attested." (Italics ours.) In the meantime, and on July 19, 1943, the petitioner had filed a motion for a new trial, which was not considered and passed upon by the court until afterwards, and on the 9th day of October, 1943, when it was overruled. There has been no appeal from the order overruling the motion for a new trial.

In this court appellant first contends that the court erred in sustaining the demurrer of contestant to the evidence of the proponent. There are two answers to this contention: (a) The court made no such ruling. What happened was, upon the trial in the district court the proponent made a sketchy presentation of the evidence, obviously not bringing out some pertinent facts, and rested. Counsel for defendant moved for judgment, but after some colloquy asked the court to delay ruling upon it until other evidence was offered. The proponent then reopened the case and introduced additional material evidence. The motion for judgment was not renewed and it was never again referred to in the trial. The testimony of the two subscribing witnesses and other witnesses was received. The judgment rendered by the court was upon the consideration of "all of said testimony"; hence, there is no fair basis in the record for the argument of this point. (b) If there was any error of the trial court in this respect it was a trial error which could be reached only by a motion for a new trial, and from the ruling of the court denying the motion there has been no appeal.

Appellant next contends that the court erred "in ruling that the will of John J. Charles was not properly attested and subscribed." The pertinent portion of the statute (G. S. 1941 Supp. 59-606) reads:

"Every will, . . . shall be in writing, and signed at the end thereof by the party making the same, . . . and shall be attested and subscribed in the presence of such party by two or more competent witnesses, who saw the testator subscribe or heard him acknowledge the same."

Without detailing the evidence it is sufficient to point out that the evidence of the two subscribing witnesses, and such other testimony as bore upon the fact, made it clear that neither of them saw John

J. Charles sign the will and neither of them at any time talked to John J. Charles about it. If he signed the will, and there is testimony tending to show that he had signed the will, he never did acknowledge his signature to either of the attesting witnesses, or to anyone else, so far as the record discloses. One of the attesting witnesses saw Mrs. Charles sign the will and was requested by Mrs. Charles to sign as a witness. Because this attesting witness in giving her testimony at the trial used the word "they" on one or two occasions appellant in his brief argues that this witness saw both John J. Charles and his wife sign the will, and that she signed it at their request. But when this witness was asked to specify particularly whether or not she saw John J. Charles sign it, or whether he acknowledged his signature to her, her answer was definitely in the negative, and further, that she never talked with John J. Charles about the will or heard him say anything about it. So appellant seeks to get more out of the testimony of this witness than the record warrants. With respect to the other attesting witness, appellant makes no mention of his testimony, nor does appellant contend that the witness saw either of the testators sign the will, or heard either of them acknowledge their signatures thereon. Indeed, the evidence disclosed that he had no conversation with either of them at the time he signed as a witness, that he had not seen either of them for such a long time prior thereto that he declined to estimate the time, and that he had not seen them since. In view of this record appellant's contention that the court erred in holding the instrument purporting to be the will of John J. Charles was not properly attested and subscribed is puerile in the extreme.

Lastly, appellant contends the court erred in ruling that the will of John J. Charles was not entitled to probate. This is a result which necessarily follows if the court was correct in its interpretation of the evidence. Under this head appellant argues the relative weight which the court should have given to the testimony of the subscribing witnesses on the one hand as compared with their admitted signatures on the other. The question raised by the testimony was one of fact. (*Rice v. Monroe,* 108 Kan. 526, 196 Pac. 756.) It is not contended here the trial court did not have ample, substantial, competent evidence to support its judgment. This presents no question of law for our decision.

We have no occasion here to go extensively into the question of under what circumstances witnesses to a will may give testimony

as to facts tending to show that the will was not executed in harmony with the statutory requirements.

We find no error in the record. The judgment of the court below is affirmed:

THIELE, J. (concurring specially): Although I am in agreement with what is said in the court's opinion determining the question considered, I think the appeal should not have been entertained. At the trial in the district court, the question whether the will of the deceased should be admitted to probate depended on facts which were in dispute. Recognizing that the findings of fact implicit in the judgment had been found against him, the present appellant filed a motion for a new trial. That motion was denied, but he never appealed to this court from that ruling. This case is not of the type where failure to appeal only restricts matters to be considered. In my opinion the appeal should have been dismissed.