R. J. BERKLEY V. TOOTLE, HOSEA & CO. *et al.*

PARTNERSHIP — *Valid Chattel Mortgage.* An existing *bona fide* indebt-
ness may be secured by a chattel mortgage duly executed by the indi-
viduals composing a partnership, of which the husband is a member,
to the wife, notwithstanding the fact that the firm has been sued and
its creditors are about to levy upon the firm property.

*Error from Decatur District Court.*

THE opinion states the case.

*S. D. Decker*, for plaintiff in error.

Opinion by GREEN, C.: R. J. Berkley sued J. E. Bebb,
sheriff of Decatur county, in replevin, to recover a stock of
goods claimed by her under a chattel mortgage executed by
J. M. Berkley, her husband, and P. A. Kahnan, doing busi-
ness under the firm-name of Berkley & Kahnan, and P. A.
Kahnan & Co., upon a stock of boots, shoes, rubber goods,
tools, sewing machines, fixtures and furniture, in a building
known as the "blue front," in Oberlin, given to secure the
payment of $3,500, and dated and filed for record on the 27th
day of December, 1887. Subsequently the stock was levied
upon by the sheriff for certain execution and attachment cred-
itors of Berkley & Kahnan, and before the trial commenced
the creditors were substituted for the sheriff, as defendants.
The action was tried by the court on the 27th day of April,
1888, in Decatur county, and resulted in a general finding
and judgment for the defendants; and the plaintiff in error
brings the case here, claiming error.

It is insisted that there was no evidence to support the find-
ings and judgment of the trial court; that there was no fraud
shown in the execution of the chattel mortgage by J. M. Berk-
ley and P. A. Kahnan, and that there was an existing and
valid debt to support the mortgage. It seems from the evi-
dence that J. M. Berkley had executed a note to his wife for
the sum of $2,190, on the 30th day of March, 1875, and that

this money came from her father's estate; that on the 15th day of December, 1886, J. M. Berkley executed another note for $2,500 in place of the other note, which had been mislaid, and delivered the same to his wife; and that he afterward gave his wife a note for $1,000, which had been executed by P. A. Kahnan to him on the 1st day of June, 1887, for money that the plaintiff had given her husband, and he had loaned it to Kahnan to go into business with him. This money also came from her father's estate. This last note had a credit of $263, on September 1, 1887. According to the plaintiff's testimony, the mortgage was given to secure the payment of these two notes.

We do not know upon what theory the court below decided this case, and have not been furnished with a brief upon the part of the defendants in error, and, hence, are not advised as to their position in regard to this transaction. It is obvious, from the examination of the evidence which we have made, that there was a *bona fide* and existing indebtedness from Berkley and Kahnan to the plaintiff. Now, it would seem that if such indebtedness existed at the time the chattel mortgage was executed, the firm would have the right to secure the plaintiff. This court has said:

"The weight of authority seems to be that mere insolvency, where no actual fraud intervenes, will not deprive the partners of their legal control over the property, and of the right to dispose of the same as they may choose; and, where the separate creditor purchases from the firm in good faith, and the individual indebtedness is a fair price for the property purchased, such purchase cannot of itself be held fraudulent as against the general creditors of the firm." (*Woodmansie v. Holcomb*, 34 Kas., and authorities there cited.)

While the relation existing between the parties called for a more critical examination of the dealings between them than if two of the parties had not been husband and wife, still, if the evidence clearly established an existing and *bona fide* debt to the wife, she would have the same right as any other individual creditor to have her debt secured. The debtors would have the undoubted legal right to prefer her as a creditor, even

if the giving of the security would have the effect to consume the property thus pledged in satisfaction of her debt. (*Monroe v. May,* 9 Kas. 473; *Kennedy v. Powell,* 34 id. 22; *Chapman v. Summerfield,* 36 id. 610.)

We recommend a reversal of the judgment.

By the Court: It is so ordered.

All the Justices concurring.