No. 32,694

THE PEOPLES STATE BANK OF ALTA VISTA, by Charles W. Johnson, Receiver, *Appellee,* v. H. F. DIERKING, BERTHA DIERKING, ARNOLD F. DIERKING et al., *Appellants.*

(56 P. 2d 85)

Opinion filed April 11, 1936.

*A. E. Carroll* and *C. E. Carroll*, both of Alma, for the appellants.
*Braden C. Johnston*, of Marion, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This action was brought to set aside three deeds. Originally two actions were brought, but they were consolidated in the trial court and tried as one action. Judgment was for plaintiff. Defendants appeal.

The facts are simple. H. F. Dierking ran the Peoples State Bank in Alta Vista from 1921 until the bank was closed, March 7, 1932. On January 28, 1932, H. F. Dierking owed his son, Arnold, $3,168 for money borrowed. On that date H. F. Dierking and wife conveyed by warranty deed to their son Arnold Dierking 109.95 acres of land. About $1,000 of the money loaned to H. F. Dierking by Arnold Dierking was money that belonged to Arnold's wife. Arnold conveyed this land to his wife October 17, 1932. On September 9, 1933, A. H. Radloff loaned $1,200 to Arnold and his wife and took their note secured by a mortgage on the real estate in question. The sum of money in which H. F. Dierking was indebted to Arnold was a fair and reasonable value for the land conveyed. On January 28, 1932, H. F. Dierking was indebted to his daughter, Bertha, in the sum of $1,317. On that date he and his wife conveyed by a warranty deed 55 acres of land to Bertha. The indebtedness of H. F. Dierking to his daughter was a fair and reasonable value for the land in question.

On March 5, 1932, the bank was found to be in a failing condition and was closed by order of its board of directors. H. F. Dierking owned thirty-eight shares of stock in the bank at the time it closed. He knew of its failing condition for some time prior to January 28, 1932. On October 6, 1933, the receiver for the bank obtained a judgment against H. F. Dierking for $3,800 to pay the double liability. On October 24, 1932, the receiver also recovered a judgment for $2,650 against H. F. Dierking on a promissory note given by Dierking to the bank. All the parties to the deeds that have been mentioned knew about the condition of the bank at the time the deeds were made.

The receiver was unable to collect the two judgments that have been mentioned. He thereupon brought two actions, one to set aside the deed from H. F. Dierking to Bertha Dierking to the 55-acre tract, and the other to set aside the deed from H. F. Dierking

to Arnold Dierking and the deed from Arnold Dierking and Nadine Dierking to Nadine Dierking and the mortgage from Nadine Dierking and Arnold Dierking all conveying the 110-acre tract.

The theory upon which plaintiff sought to set aside these deeds was that the deeds were without consideration and were given for the purpose of placing the real estate of H. F. Dierking beyond the reach of his creditors.

Defendants answered by way of a general denial. The case was tried by the trial court. Findings were made about as the facts have been set out here. In addition, the court made the following finding:

"51. That on the 28th day of January, 1932, the deeds and conveyances in question were entered into by the grantors and grantees therein with the specific intent to prefer the grantees Bertha Dierking and Arnold Dierking, respectively, and with the specific intent of defrauding such subsequent creditors as, in the ordinary course of events, said parties well knew would come into existence upon the closing of said bank."

The conclusions of law were that all the conveyances should be set aside. From that judgment this appeal is taken.

The argument of defendants is that aside from the finding quoted above the findings of the trial court compel a judgment for defendants and that the above quoted finding was not supported by any evidence.

Briefly stated, Mr. Dierking owed members of his family money. He saw that his bank was bound to fail and knew this meant his financial ruin. He made the transfers in question here to pay debts which the court found he owed. Plaintiff fails to bring any authorities to our attention holding this cannot be done. The fact the persons to whom the transfers were made were close relatives is a circumstance which might be considered if there had been a question here about the good faith of the transfers or about the adequacy of the consideration, but we do not have any such question before us. The court found that Dierking was actually indebted to the persons to whom he conveyed the land and that the land conveyed was worth about what the indebtedness amounted to. As to the portion of the finding with reference to fraud there is no evidence in the record to support it.

It is well settled that a debtor may prefer a bona fide creditor over another so long as he acts in good faith, and the fact that the creditor he prefers happens to be a close relative is no evidence of bad faith, if the debt is proven to exist and the property conveyed

to the creditor bears a reasonable relationship to the debt. (See *Brecheisen v. Clark,* 103 Kan. 662, 176 Pac. 137, and cases cited, also, *Robertson v. Andrus,* 125 Kan. 730, 266 Pac. 53.)

So far as the findings of fact and the evidence disclose the situation, we have nothing more than a preference of certain creditors on the part of a debtor. We hold that there was no evidence in the record upon which the court could base its findings that the conveyances in question were fraudulent.

The judgment of the trial court is therefore reversed with directions to enter judgment for the defendants.