No. 33,197

THE FIRST NATIONAL BANK OF PARSONS, *Appellee,* v. NORA ELLEN COTTINGIM et al. (BALSORA ANDERSON, *Appellant.*)

(65 P. 2d 293)

Opinion filed March 6, 1937.

*Arthur Cranston,* of Parsons, for the appellant.

*C. J. Taylor,* of Parsons, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action to foreclose a real-estate mortgage. Plaintiff prevailed. One of the defendants appeals.

Five parties were joined as defendants. Nora Ellen Cottingim and Sam Cottingim, her husband, were makers of the note and mortgage. Susan Cottingim and John C. Cottingim are the parents of Sam Cottingim. The parents were made parties defendant for the reason the title to the property at the time of the foreclosure action appeared of record in the name of Susan, the mother of Sam. Nora Ellen and Sam had executed and delivered a deed covering this property to Susan subsequent to the execution of the note and mortgage to appellee. The fifth defendant was Balsora Anderson. She is the only appellant. She obtained a money judgment against Nora Ellen and Sam, about two months after the recording of appellee's

mortgage, had execution issue and purchased the property involved at sheriff's sale. Appellee was not made a party to her suit. Her action was filed on December 13, 1933. The mortgage was not executed until December 15 and was not recorded until December 18. No service was had on the defendants, Nora Ellen and Sam, in the Anderson case until after the mortgage had been executed.

Appellant contends the deed to the mother and the mortgage to appellee were executed for the purpose of hindering, delaying and defrauding creditors, and herself in particular, that appellee participated in the fraud and that her rights in the property are superior to those of appellee.

The trial court made findings of fact and conclusions of law. They were in part favorable and in part adverse to appellant's contention. The deed from Nora Ellen and Sam to Susan was declared to be in fact a mortgage to secure a $700 indebtedness of Sam to his mother. Nora Ellen was the owner of the property conveyed. She was not indebted to Susan. She was, however, indebted to appellant in excess of $500. The trial court found the deed was a voluntary conveyance and was executed for the purpose of preferring a creditor of Sam and for the purpose of delaying, hindering or defrauding the creditor of Nora Ellen. This deed was declared void and was set aside. The note and mortgage of appellee was found to have been given in good faith as security for an antecedent debt of Nora Ellen and Sam, in the sum of $225, and $35 in cash. It was further found appellee did not conspire to defraud anyone. Appellee was decreed to have a first and prior lien on the property.

Appellant requested that all the court's findings and conclusions of law be set aside and her suggested findings and conclusions substituted therefor. This motion was overruled. Appellant contends the ruling constituted error. It was the province of the trial court to weigh the evidence and determine the credibility of witnesses. There was substantial evidence, if believed—and it was—to support the findings made. Those findings justified the conclusions of law. The evidence sustained some of the findings of fact appellant requested. Such findings if made, however, would not alter the conclusion reached. If appellant desired additional findings her motion should have been made accordingly. Her motion to set aside all the findings was properly overruled.

The mortgage and deed were executed on the same day. The mortgage was executed first. Appellant stresses the fact that the

same officer of appellee bank, who served as notary public in the acknowledgment of the deed, also prepared the mortgage in favor of appellee. She contends this fact disclosed evidence of conspiracy to defraud her in the collection of her claim. The trial court set the deed aside as void. Appellee was entirely disinterested in the deed. So far as the record shows, it was simply acknowledged by an officer of the appellee bank at the request of the grantors. Appellee did not and could not derive any benefit from the deed. The trial court found appellee did not conspire to defraud appellant. Clearly, in the light of the evidence, we cannot disturb that finding nor the conclusion of law which follows.

With regard to the mortgage, it must be noted the mortgage was given to secure a preëxisting indebtedness of $225. Only $35 of the new note represented a present loan. Mr. Darbro, a brother of Nora Ellen, had previously signed the note as surety. Nora Ellen obtained title to the tract of land in question. Darbro had other obligations and finally desired to be relieved as surety. Sometime prior to the execution of the note and mortgage, Sam inquired of appellee whether it would release Darbro as surety, and accept a mortgage on this real estate. Appellee agreed that when the note came due in December it would accept this substituted security.

This is not a proceeding in bankruptcy. A debtor may in good faith prefer one creditor to the exclusion of others, and this has been frequently ruled, especially as to preëxisting indebtedness. (*Monroe v. May, Weil & Co.*, 9 Kan. 466; *Brecheisen v. Clark*, 103 Kan. 662, 176 Pac. 137; *Union Nat'l Bank v. Kramer*, 121 Kan. 180, 184, 246 Pac. 976; *Calkins v. Hadley*, 129 Kan. 140, 281 Pac. 919; *Peoples State Bank v. Dierking*, 143 Kan. 617, 56 P. 2d 85.)

Appellant insists that while the note and mortgage were executed prior to the time appellee and the mortgagors had notice of the pendency of her action, they learned of it from the abstract before appellee parted with the old note and before it recorded the mortgage. The fact an action for money judgment by another creditor was pending did not invalidate the mortgage given in good faith to secure the preëxisting debt. (*Randall v. Shaw*, 28 Kan. 419; *Berkley v. Tootle*, 46 Kan. 335, 26 Pac. 730.) In 27 C. J. 488 the rule is stated thus:

"If a transfer is made by a debtor in anticipation of a suit against him, or after a suit has been begun and while it is pending against him, this is a badge of fraud, and especially so if it leaves the debtor without any estate or

greatly reduces his property. The fact that the suit is in tort does not affect the operation of the rule. Nevertheless, standing alone, such a transfer is not conclusive of fraud. It is merely a circumstance in connection with others to establish fraud. The real question is as to the bona fides of the transaction. The pendency of a suit will not overturn a conveyance made in good faith and for value."

Appellant further urges the value of the land mortgaged exceeded the amount of the debt. The debtors did not convey a fee title in consideration of the debt. Appellee obtained only a first and prior lien on the land to the extent of the debt. There was conflicting evidence as to the value of the land. The value was placed at $800 and $1,350. The preëxisting debt was a valid obligation. The trial court found there was no conspiracy or collusion to defraud, defeat or delay other creditors and that the note and mortgage were entered into in good faith by all the parties thereto. If the land is worth $1,350, as appellant contends, she should have no difficulty in also having her judgment satisfied.

The judgment must be affirmed. It is so ordered.