## Marshall's Executor v. Pogue et al.

(Decided December 11, 1928.)

### Appeal from Mason Circuit Court.

Appeal and Error.—Executor of earlier will than one admitted to probate, which was propounded by another executor, held to have right to appeal from orders rejecting earlier will and admitting later will to probate, making it error to dismiss appeals and deny trial of contest.

J. M. COLLINS and A. D. COLE for appellant.

WORTHINGTON BROWNING & REED for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

This appeal questions the right of a nominated executor in an earlier will to resist the probate of a later one of the same testator on the grounds of mental incapacity and undue influence.

Susan A. Marshall executed a paper dated August 13, 1915, purporting to be her will, in which James M. Collins, of Maysville, Ky., was nominated as executor.

That paper was left in the custody of Collins, to be probated as her will in the event of testator's death.  She made several codicils to the alleged will; the last one being dated April 10, 1923.

On January 3, 1924, another paper purporting to be her will was executed by the same Susan A. Marshall, in which she nominated the Bank of Maysville, of that city, as executor.  Testatrix died on June 15, 1927, and at the next ensuing term of the Mason county court both papers were presented for probate.  The later will was admitted to probate, and the earlier will was rejected.  Collins appealed to the Mason circuit court from the order probating the will of January 3, 1924, and also from the order rejecting the earlier will offered by him.  The circuit court dismissed the appeal of Collins on the ground that a nominated executor in an earlier will had no right to appeal from orders probating a will executed later, and rejected the one in which he had been nominated as executor.  Collins appeals to this court for a reversal of the order of the circuit court.

It was held in Wells v. Wells, 4 T. B. Mon. 152 (16 Am. Dec. 150), that a will may be presented for admission to probate by either an executor, legatee, or devisee.

In Pryor v. Mizner, 79 Ky. 232, the sole question presented was whether a nominated executor in a rejected will had such an interest as gave him the right to appeal from a judgment of the county court refusing to admit the will to probate.  It was held that he had such right, and the court reversed an order of the circuit court dismissing an appeal from the county court taken by the nominated executor.  The opinion of the court was not rested, as counsel seem to suppose, on any particular provisions of the rejected will, but it was predicated upon the right and duty of a person chosen to execute a will to exhaust all legal remedies open to him to establish such will as the true one.  In the opinion it was said:

> "It is made the duty of the executor to execute the will of the testator, and it is also incumbent upon him to present the will to the county court of the testator's residence for probate; and while he can not act as executor until his qualification as such, it is difficult to perceive how he can qualify until the paper is adjudged to be the last will of the devisor; and having presented the paper to the proper tri-

bunal for probate, it would be a dereliction of duty on the part of the executor, if he was satisfied that the paper was the last will of the testator, to permit its probate [to be] denied without any additional effort to have the will recorded. It is true the judgment of the county court would ordinarily protect the executor; but as the duty of executing the will has been confided to him by the devisor, good faith requires that he should exhaust the remedy afforded him by law for having the will probated, if he is satisfied it was improperly rejected by the county court.''

Again, in Phillips' Ex'r v. Phillips' Adm'r, 81 Ky. 328, a situation existed similar to the one now presented. Two wills of the same testator were presented for probate, and the executor nominated by the earlier will contested the later one on the same grounds alleged by the appellant in support of his contest in the present case. The later will was established, and the other one was rejected. The nominated executor had been held by the circuit court personally liable for the costs of the contest carried on by him, and had rendered judgment accordingly. This court reversed the judgment as to costs alone, and directed the lower court to make an allowance out of the testator's estate to pay, not only the taxable costs, but also the incidental expenses incurred and reasonable counsel fees contracted by the nominated executor in his efforts made in good faith to probate the earlier will. The opinion proceeded on the ground that it was the legal duty of the nominated executor to offer the will for probate, and, in good faith, to exhaust all legal or equitable remedies available to that end. Cf. Brooks v. Paine's Ex'r., 123 Ky. 276, 90 S. W. 600, 28 Ky. Law Rep. 857.

In Egbert v. Egbert, 186 Ky. 488, 217 S. W. 365, a widow was denied the right to contest her husband's will, but there is no conflict in that decision with the ones to which reference has been made. The widow in that case had not been nominated executrix of another will, and it did not appear that any previous will that might be revived by a rejection of the one then offered had given her a greater interest in the estate of her husband than would be distributed to her under the statute, if the will was renounced by her. A widow is not permitted to contest her husband's will, if she may obtain substantially the same

benefits by renouncing its provisions and electing to take under the statute. Her right, in the absence of a will, to be appointed administratrix of her deceased husband's estate, is not absolute, but contingent, and is not such a direct interest as to enable her to conduct a contest.

In view of the controlling precedents we have noted, it is apparent that the circuit court erred in dismissing the appeal of the nominated executor of the earlier will of Susan A. Marshall, and in denying him a trial of his contest of the later will.

The judgment is reversed for proceedings consistent herewith.