N. L. DILLOW and Roy Sammons,
Plaintiffs in Error,

v.

Duron CAMPBELL and Jessie Dorsey,
Defendants in Error.

No. 42550.

Supreme Court of Oklahoma.

April 1, 1969.

Rehearing Denied May 1, 1969.

Merson, Campbell & Merson, Oklahoma City, Frank Seay, Dick Bell, W. B. Edwards, Seminole, for plaintiffs in error.

Bishop & Wantland, Seminole, for defendants in error.

HODGES, Justice.

The last will and testament of John D. Campbell, deceased, was admitted to probate together with a codicil thereto. The will was executed July 14, 1961. The codicil was executed September 30, 1963. The decedent had then attained the age of ninety years. By the terms of the decedent's will the estate was devised to two trustees who were also nominated therein as co-executors. There are forty-nine beneficiaries of the testamentary trust. The codicil revoked the nomination of one co-executor and co-trustee, N. L. Dillow, and named in his stead as co-executor and co-trustee Jessie Dorsey. The co-executor and co-trustee whose nomination appears in the will and remaining unrevoked in the codicil as Duron Campbell, a nephew of the decedent. The codicil changed no bequest

or devise. Admission of the will to probate is not challenged in this appeal, and plaintiffs in error allege error only concerning the judgment of the trial court regarding admission to probate of the codicil.

The petition in error and motion to dismiss by defendant, heretofore denied without prejudice and renewed in the answer brief, raise numerous contentions not all of which need to be resolved for disposition of the appeal.

▮▮▮▮ Plaintiffs in error in their first proposition contend that the codicil executed by the testator on September 30, 1963, whereby Jessie Dorsey was substituted as co-executor and co-trustee in the place and stead of N. L. Dillow, was not executed and attested as required by law and is wholly void because the self-proving affidavit authorized by 84 O.S.1961, § 55(5) is not, under the statute, a part of the will but concerns the matter of its proof only. The codicil consists of two pages and was offered for probate but not as self-proving. The signature of the testator appears on the first page followed by an affidavit on the second page. Immediately following the affidavit appears the signature of the testator and the signature of two witnesses, George N. Davis, a medical doctor and William Bishop, who is of counsel for the proponents of that codicil. During the pendency of this appeal this court adjudicated In re Estate of Cutsinger, Okl., 445 P.2d 778. Cutsinger is dispositive of the first proposition. It was there held that signatures of attesting witnesses following a sworn statement appearing as an integral part of a will, and following the dispositive or essential provisions, are sufficiently situated at the end of the will to comply with the statutory attestation provisions, 84 O.S.Supp.1965 § 55(4). Here, as in Cutsinger, the subscribing witnesses appeared and their testimony was sufficient to support the judgment admitting the codicil to probate insofar as requisites of formality in execution are concerned under § 55 subsections 1, 2, 3, and 4. Here the efficacy of the codicil as a self proving instrument is not in issue, nor was that issue before the court in the Cutsinger case, and we make no determination of that issue in this case.

Defendants in error filed a motion in this court to dismiss on the ground that N. L. Dillow could not contest the codicil because he does not have the pecuniary interest of a beneficiary and consequently is not an interested party and for the further reason that he as trustee prematurely contested the order of the trial court because a trustee takes a testamentary trust only after final decree. The motion to dismiss also challenged the right of Roy Sammons, the other plaintiff in error, to contest the order admitting the codicil because he is not a party aggrieved since his share of the trust estate remained unchanged by the codicil. The motion to dismiss also asserted as grounds for dismissal the failure of the plaintiffs in error to post an appeal bond of $25,000.00 ordered by the Superior Court of Seminole County.

Let us first concern ourselves with the capacity of N. L. Dillow as a party interested. The able briefs cite no decision on the point by this court and our research discloses none.

The statute 58 O.S.1961, § 29 provides that any person interested may appeal and contest the will. The term will includes codicils. 84 O.S.1961, § 19. By the provisions of 58 O.S.1961, § 104 any person interested in a will may file objections in writing to granting letters testamentary to persons named as executors, or any of them. This court has not heretofore had occasion to define, by exclusion, a person interested. The interest of N. L. Dillow is confined to the statutory emoluments incident to the offices of co-executor and co-trustee. He is not a devisee under the will.

Decisions from the New York State Courts are based upon a statute specifically authorizing contest by a deposed executor on probate of a will or codicil. A New York case, In re Browning, 162 Misc. 244, 294 N.Y.S. 530, points out that challenge is

permitted not upon the basis of an interest measured by the extent of the prospective commissions to the executor, but primarily by his duty to see that no alleged fraudulent will is admitted to probate without objection.

A statement appears in 31 A.L.R.2d 766 that in jurisdictions where executors are permitted to contest, the rationale generally is that the executor has a qualifying interest in his capacity as the representative of the legatees and devisees.

Certainly a person interested, as those words appear in our statute, are subject to a less than literal application, as it is inconceivable that the legislature intended to allow a stranger to burden probate proceedings by gratuitous litigation. Exclusion of the merely meddlesome is axiomatic.

By the terms of the testament of John D. Campbell his co-executors are named as co-trustees of a testamentary trust. There is a line of authority, exemplified by Johnston v. Willis, 147 Md. 237, 127 A. 862, holding that an executor also named as trustee becomes by the trust an interested person and authorized to resist probate of a will. Despite a similar persuasion in Massachusetts, evidenced in Reed v. Home National Bank, 297 Mass. 222, 8 N.E.2d 601, 112 A.L.R. 657, the reasoning seems specious on contemplation of the nature of the trustee's property right which cannot be a beneficial interest, despite the taking of title.

The interest of N. L. Dillow is limited to the emoluments which would accrue to him as compensation for his services as executor and trustee and he can have no beneficial interest. The decision in Stewarts Estate v. Ferry, 107 Iowa 117, 77 N.W. 574, denies the executor the right to interpose objection, before appointment, holding that it would be unjust to allow him to involve the estate in litigation at the expense of the legatees and devisees. The Iowa court observes, with respect to the contention that executors should be accorded the right to maintain the proceedings as trustees of an express trust, the action would be an action in the nature of a proceeding against the settlor of the trust to test his right to revoke it.

■ After a review of the authorities we deem the better rule to be that pronounced by the Michigan court in In re Meredith, 275 Mich. 278, 266 N.W. 351, 104 A.L.R. 348. That rule is that one who has no pecuniary interest in an estate may not contest the appointment of the executor and trustee named in a valid codicil or in a valid subsequent will. Only persons who might be injured by admitting the codicil to probate may contest it. An interest in the property of the estate is the foundation of the right to contest it. Thus N. L. Dillow, standing alone, does not hold the right to challenge admission of the codicil. Had he been appointed and had he then served, he would have been paid only for the service performed.

N. L. Dillow is however joined by Roy Sammons in the caveat to the codicil and Sammons is a legatee. Thus the question arises whether Sammons is a person interested, even though the one-forty-ninth share bequeathed to him remains unchanged by the codicil. Sammons is nephew to the testator, and he asserts that he is an heir at law. Under the statute 58 O.S.1961, § 29, as construed in In re Harjoche's Estate, 193 Okl. 631, 146 P.2d 130, Roy Sammons is a person interested.

■ As a person interested, Sammons contests only the codicil and defendants in error argue that his power to contest fails because his interest is not affected by the codicil. That is not necessarily so. Under the terms of the testamentary trust the property is to be liquidated within ten years. The decedent by any standard was a man of means. The business acumen and soundness of judgment of the liquidating trustees is unquestionably of considerable moment to the cestuis. An acute sense of value and bargaining ability in these circumstances will be quickly reflected in money considerations obtained and distributed to the ces-

tuis. The cestuis, or any of them, have a pecuniary stake in the talent of the trustees. Roy Sammons had the right to challenge the codicil. 58 O.S.1961, § 721; 12 O.S. 1961, § 972; Whitman v. Whitman, Okl., 397 P.2d 664, 667.

There remains the question of testamentary capacity of the testator at the time of execution of the codicil. Proponents adduced the testimony of nineteen witnesses, including nurses who had attended the decedent and the predeceased wife of the decedent. Six of those witnesses contributed nothing to illuminate the question of competence or coercion, when the codicil was executed, and they uniformly express a not too well founded opinion that decedent was fully capable at sundry times.

The doctor who regularly attended decedent was a witness to the codicil. He testified that decedent suffered arterio sclerosis at the time he executed the codicil, that he was diabetic and had suffered at least two paralytic strokes from which he seemed fully recovered and regularly was given a drug prescribed to bring about a state of tranquility. The doctor testified that in his opinion the testator was competent on the evening of September 30, 1963.

Contestants adduced the testimony of fourteen witnesses including seven nurses who had attended either the testator or his wife. These witnesses described the decedent as senile and incompetent at various times.

On the occasion of the execution of the codicil there were in attendance two nurses, the secretary of counsel for the proponents who was a notary, the housekeeper who was a niece of Mrs. Campbell, the doctor, and counsel for the proponents. One of the nurses testified that in her opinion decedent was incompetent on that occasion. The other nurse testified that the decedent at that time was competent, although she harbored some doubt of his intent to change his will, and believed he intended only to nullify a guardianship proceedings wherein the testator was the ward of the deposed co-executor and co-trustee. The other witnesses present testified the testator was fully competent on that occasion.

It appears that the argument of counsel for the contestants is based upon the premise that had the testator full possession of his faculties and under no undue influence, he would not have removed Dillow as trustee and co-executor of his estate because of their close relationship and association for many years and the confidence and trust that the testator had in Dillow in all matters and affairs.

In July, 1963, the testator become seriously ill and was hospitalized in Oklahoma City for ten days. It was at this time, N. L. Dillow was appointed as guardian for him. Dillow was a natural and proper selection. He had been a friend and business associate of the testator for many years and was one of the testator's trustees and co-executors under the original will. However, after the testator had sufficiently recovered from this serious illness and returned to his home in Seminole, no one told him that he was placed under a guardianship, although he knew Dillow had been taking care of his affairs in business. On September 27, 1963, the testator went to the bank to cash a check, which was refused because of the guardianship. Learning for the first time of the guardianship, the testator became upset and incensed toward Dillow. From this period on the testator alienated himself from Dillow and advised his attorney to commence proceedings to remove the guardianship and to remove Dillow from his will as trustee and co-executor. Three days later, on September 30, 1963, the codicil in question was executed. The only change in the codicil was the removal of Dillow as trustee and co-executor and the naming of Jessie Dorsey in his stead.

The testator evidently felt that he had been betrayed by a friend and consequently chose to remove him as a trustee and co-executor under his will. If the testaor had testamentary capacity, the removal of Dil-

low was certainly within his right, even though Dillow may have unjustly suffered the unwarranted resentment of his long time friend because the testator misunderstood the intent and purpose of the appointment of Dillow as guardian.

Little purpose will be served by detailing the testimony. The record on appeal, including the incorporation of transcribed testimony adduced before the county court and augmented by depositions admitted by stipulation, consists of about fifteen hundred pages. Review of the evidence discloses sharply defined differences of opinion regarding the competence of the decedent at various times. Suffice to say, from this maze of conflicting evidence, the trial court chose to believe that decedent was competent and free of duress, fraud, menace or undue influence when he executed the codicil. There is evidence in the record sufficient to support this conclusion. The judgment of the trial court on the issue of testamentary capacity and undue influence in will contest proceedings will not be disturbed unless against the clear weight of the evidence. In re Holliday Estate, Okl., 327 P.2d 456. Certainly in this case, we cannot say that the judgment is against the clear weight of the evidence.

The assignment of error regarding the entry of judgment is not well founded. The journal entry of judgment was duly and properly signed by the trial judge and filed. His informal announcement of his proposed decision was merely for the convenience of the litigants and counsel after a period of reservation of judgment for his deliberation. We do not deem it necessary, under this decision, to consider assignments of error regarding an appeal bond. The record discloses that order was appealed separately and the appeals consolidated for consideration here. That facet of the controversy need not be considered in reaching our conclusion.

The judgment is affirmed.

All Justices concur.