(717 P.2d 519)

No. 58,280

In the Matter of the Guardianship and Conservatorship of DELLA MARIE SLEMP.

Opinion filed April 10, 1986.

*Alan D. Weber,* of Weber & Kemmerly-Weber, of Humboldt, for appellant Charles Haas.

*Richard O. Skoog,* of Skoog & Latimer, of Ottawa, for appellees Clovis and Charlotte Sanderson.

*Robert H. Young,* of Pleasanton, guardian ad litem.

Before MEYER, P.J., ROBERT L. GERNON, Associate District Judge, assigned, and JANICE D. RUSSELL, Associate District Judge, assigned.

MEYER, J.: This is an appeal by Charles Haas (petitioner), the stepfather of Della Marie Slemp, a minor, from an order of the Linn County District Court denying his petition to be appointed guardian and conservator of Della. The Linn County District Court transferred venue to Franklin County.

The facts are not in dispute. Della was born to Melvin Slemp and Ida Slemp on November 9, 1974. Nine months later, Melvin Slemp died. In early 1976, Ida Slemp married petitioner. They had two sons, Thomas Haas and Bradley Haas. Ida was killed in October 1983. Petitioner remarried in December 1983. At that time Della resided with petitioner, his new wife, Della's two half-brothers, and two other children unrelated to Della.

On March 9, 1984, petitioner filed a petition for appointment as Della's guardian and conservator. A guardian ad litem was appointed and petitioner was awarded temporary custody of the child.

On March 16, 1984, Della's paternal grandparents, Gerald and Grace Slemp, filed an objection to the appointment of petitioner as Della's guardian and conservator. On May 4, 1984, the Slemps petitioned the court to change temporary custody of Della from

petitioner to C. B. and Charlotte Sanderson, Della's paternal aunt and uncle.

A hearing was held on May 11, 1984, on the motions and petitions filed by the Slemps. The court placed temporary custody of Della with the Sandersons and ordered a thorough battery of psychological or psychiatric examinations regarding the child, as well as home study reports of all parties by the S.R.S.

On April 11, 1985, petitioner's petition to be appointed Della's guardian and conservator was heard. At that time Carol Roloff, Della's maternal aunt, and her husband, Tim Roloff, intervened to request custody of Della.

After hearing all the evidence, reading the psychological evaluations and home study reports, and after visiting with Della, the court awarded custody to C. B. and Charlotte Sanderson as joint guardians and conservators. Petitioner has appealed.

Petitioner first contends the trial court erred in failing to admit into evidence the last will and testament of Ida G. Haas, the child's natural mother, which nominated petitioner to serve as guardian and conservator of her minor child.

At the April 11, 1985, hearing, the Roloffs called petitioner as a witness. Counsel for the Roloffs attempted to admit into evidence the will of Ida Haas. One of the clauses in the will read as follows:

"In the event my daughter, Della Marie Slemp, is a minor or under legal disability at the time of my death, it is my request that the Court admitting this will to Probate appoint my husband, Charles L. Haas, as her guardian and conservator."

As the will made no mention of the Roloffs, the Roloffs were apparently offering the will into evidence to illustrate to the court that Ida did not want guardianship of her daughter to go to the Sandersons.

Counsel for the Sandersons objected to admission of the will for the reason that it had never been admitted to probate, and was thus ineffectual for all purposes. The court sustained the objection. The court did, however, at a later point in the hearing, allow into evidence testimony by Carol Roloff that it had been her deceased sister's wish to have petitioner appointed guardian of Della in the event of her death and that she had seen Ida's will specifying that wish. The court was thus apprised of the contents

of the will even though the will was not actually admitted into evidence.

On appeal, petitioner contends it was error for the trial court to refuse to admit Ida's will into evidence. Petitioner's position is that, although a nonprobated will may be ineffectual to pass property, it remains effective as an instrument appointing a guardian and conservator. The precise issue before this court is not therefore whether a nonprobated will is admissible for any evidentiary purpose, but rather is whether a nonprobated will is still effectual as an instrument appointing a guardian or conservator. No Kansas cases have addressed this issue.

K.S.A. 59-3004 provides in part that "[a] surviving natural guardian, by last will, may nominate a guardian or conservator, or both, for any of such guardian's minor children . . . ." The guardian so nominated shall be appointed by the court if found to be a fit and proper person at a hearing held pursuant to K.S.A. 59-3013.

Petitioner contends that nowhere does Article 30 of Chapter 59 of the Kansas Statutes Annotated require that a will be probated to place into effect that portion of a will nominating a guardian or conservator. Petitioner acknowledges that K.S.A. 59-616 mandates probate of a will to be effectual to pass real or personal property, but contends the absence of a similar position relative to the guardianship provisions of the statutes indicates that probate is unnecessary. All that is required, posits petitioner, is that "a will" be presented to the court. We do not agree.

K.S.A. 59-3004, allowing a natural guardian to nominate a successor guardian by will, inherently requires that that will have been probated.

A will is an instrument by which a person makes a disposition of his property, to take effect at his decease, and is, by its very nature, ambulatory and revocable during his life. K.S.A. 59-601 *et seq.* There must be some disposition of property by the testator in order for the paper to amount to a will, and it must be executed as required by the statute. K.S.A. 59-601, -606. Therefore, K.S.A. 59-606, in requiring that wills (except nuncupative ones) to be effective must be in writing, signed by the testator or some person in his presence and by his direction, and be attested by at least two witnesses, who must subscribe their names thereto in the presence of the testator, covers *all* wills. Unless these requisites of the statute are complied with, the instrument

is not a will at all within the purview of the statute and "has no effect other than potentiality . . . ." *Pee v. Carlyle,* 120 Kan. 200, 203, 243 Pac. 296 (1926).

Without probate, an instrument purporting to be a will has not been verified. Without probate, no determinations of testamentary capacity, freedom from undue restraint, or due execution have been made. Without probate it has not been determined that the instrument is indeed the "last" will of the testator and that no further wills are in existence revoking the document submitted to the court.

In sum, based on the above it is apparent that K.S.A. 59-3004 inherently requires that a will have been probated before it is effective for appointment of guardianship purposes. This conclusion is in accord with decisions reached in other states. See Annot., 67 A.L.R.2d 803, 809. In Kansas, therefore, a will is not effective to pass real or personal property, or to nominate guardians or conservators unless the will has been admitted to probate. The petitioner's argument is without merit.

Petitioner also contends, that even though the will of Ida Haas was not formally allowed into evidence, the court did admit testimony concerning Ida's nomination of him as Della's guardian in her will, and thus the court was bound by the standards of K.S.A. 59-3004 to appoint him as guardian unless the court found that he was not a fit and proper person.

The court's decision not to allow the unprobated will of Ida Haas into evidence removed any requirement of the court, pursuant to K.S.A. 59-3004, to pass on the fitness or unfitness of petitioner as the purported nominee to be the guardian and conservator of Della Slemp.

Finally, petitioner contends the trial court abused its discretion in finding that the best interests of the minor child would be served by placing her with her aunt and uncle, the Sandersons, and not with petitioner.

Once the district court properly determined that the unprobated will of Ida Haas was ineffectual to nominate petitioner as guardian and conservator of Della, the matter of who was to become guardian and conservator was within the sound discretion of the district court. K.S.A. 59-3011 and -3014. In the instant case, the court appointed the Sandersons as guardians and conservators of Della. This court could only reverse the decision of

the district court if it found an abuse of discretion. *Reich v. Reich,* 235 Kan. 339, 343, 680 P.2d 545 (1984), quoting *Stayton v. Stayton,* 211 Kan. 560, 562, 506 P.2d 1172 (1973).

Pursuant to K.S.A. 59-3011, the district court ordered psychological evaluations of Della and home study reports of petitioner, the Sandersons, and the Roloffs. At trial the court received evidence in the form of testimony and photos of the lifestyle and home environment of the Roloffs. The court had before it the results of these evaluations and reports, as well as an SRS case history of its contacts with petitioner, before the instant case ever began.

The evidence before the court revealed that petitioner had a history of disciplining Della with such severity that bruises were often left. Petitioner was found to be "overwhelmed" with the prospect of handling the children under his care. Since Ida Slemp's death, Della has been moved to three different grade schools. The social worker investigating petitioner recommended Della not be left with him.

Evidence regarding the Roloffs was that they had recently purchased five acres of land and placed a mobile home on it. The Roloffs have a combined gross monthly income of $1,280. The Roloffs have had only intermittent contact with Della since her birth.

Regarding the Sandersons, evidence revealed they live in a four bedroom house in Ottawa, Kansas, and that since Della came to live with them she has improved socially, educationally, and emotionally.

While the evidence of record regarding the various parties seeking guardianship of Della was not all that thorough despite the psychological evaluations and home study reports, it was sufficient in scope to sustain the position adopted by the trial court that the Sandersons should be made joint guardians and conservators of Della. There was no abuse of discretion.

Affirmed.