(73 P.3d 155)
No. 89,832

In the Matter of the Estate of ALICE D. MILWARD,
f/k/a ALICE D. BRECHEISEN, Deceased.

Opinion filed July 25, 2003.

*John R. Toland,* of Toland & Thompson, LLC, of Iola, for appellant.

*Stephen J. Smith,* of Coombs, Hull & Smith, L.L.C., of Burlington, for appellee.

Before RULON, C.J., ELLIOTT and LEWIS, JJ.

RULON, C.J.: Roy L. Cole appeals from the order of the district court which admitted the codicil of decedent Alice Milward into probate, which order removed Cole as the executor of decedent's estate. We affirm.

The facts of this case are essentially undisputed. On February 29, 1964, husband and wife Roy Brecheisen and Alice Brecheisen executed a contractual will drafted by attorney Roy Cole. According to the will, Alice and Roy left all their property to each other should either of them die. If one was predeceased by the other, the survivor would leave his or her property to the appellee, Barry Bennett Brecheisen, their grandchild. The will appointed Cole as the testamentary guardian of the estate during Barry's period of minority and as the executor of the will. Barry was about 18 months old at the time Alice and Roy executed the will. Neither Roy nor

Alice had the right to revoke the will without the written consent of the other.

Roy died on July 21, 1966, and the will was admitted to probate. Cole acted as Alice's attorney in the settlement of Roy's estate.

In September 1995, in a document entitled "First Codicil to Last Will and Testament," Alice purported to alter the contractual will by appointing Barry as the will's executor. The body of the codicil appears on one page. The signature block appears at the top of the second page, but Alice did not sign the signature block. Also on the second page is the self-proving portion of the codicil. Alice and two witnesses signed the self-proved portion of the codicil.

Alice died on July 9, 2002, and her estate was worth approximately $1,000,000 at the time of her death. Although Alice had remarried, her husband had signed a prenuptial agreement and waived his right to elect any part of her estate. On August 19, 2002, Cole petitioned the district court for probate of the will. On September 12, 2002, Barry objected to the probate of the will due to the provision of the codicil appointing him as executor. Cole then filed a claim against the estate to enforce the will.

After hearing arguments on the matter, the district court found the codicil was properly executed and was in full force at the time of Alice's death. Furthermore, the court found the codicil's designation of Barry as the executor promoted rather than frustrated the purpose of the contractual will. As such, the district court named Barry as the executor of Alice's estate.

As a preliminary matter, Barry argues Cole does not have standing to challenge the validity of the codicil. Although Barry raised this argument before the district court, the court failed to reach the issue. "An appellate court has the duty to question jurisdiction on its own initiative. If the record shows a lack of jurisdiction for the appeal, the appeal must be dismissed. [Citation omitted.]" *State v. Snodgrass*, 267 Kan. 185, 196, 979 P.2d 644 (1999). Whether a litigant has standing to sue is a question of law subject to unlimited review. *State ex rel. Board of Healing Arts v. Beyrle*, 269 Kan. 616, 624, 7 P.3d 1194 (2000).

K.S.A. 59-2221 allows any person interested in the estate to file a petition for the probate of a decedent's will. A will's executor is

a person interested in the estate. *In re Estate of Harper*, 202 Kan. 150, 157, 446 P.2d 738 (1968); *In re Estate of Smith*, 168 Kan. 210, 212-14, 212 P.2d 322 (1949). An executor's interest in an estate arises from his or her entitlement to reasonable compensation for his or her services as executor. *Smith*, 168 Kan. at 213. We are satisfied Cole was within his rights by filing the petition for the probate of the will.

Barry further argues Cole did not have the right to challenge the validity of the codicil, however, because the only part of the will changed by the codicil was the appointment of Cole as the executor of the estate. Barry asserts Kansas law only permits beneficiaries to make claims against the estate (citing *Bell v. Brittain*, 19 Kan. App. 2d 1073, 880 P.2d 289 [1994], *opinion adopted at* 257 Kan. 407, 893 P.2d 251 [1995]). This is an issue of first impression in Kansas. Other jurisdictions are split regarding this issue.

First, some courts have held the executor's interest in his allowance for his services is a sufficient interest to justify his challenge to a later will or codicil which revokes his appointment. In *Marshall's Ex'r. v. Pogue*, 226 Ky. 767, 11 S.W.2d 918 (1928), the court permitted the executor of a prior will to contest a later will that eliminated his position as executor. Upon the death of the testator, the executor has the duty to submit the will for probate. The court observed an executor has the right and duty to exhaust all legal remedies to establish which will is the true one. 226 Ky. at 769.

Similarly, in *In re Estate of Murphy*, 153 Minn. 60, 189 N.W. 413 (1922), the court permitted the executor of a prior will to contest a later will that eliminated his position as executor. The executor's position was no different from a legatee in a will which was purported to have been revoked by a later will, the court observed. 153 Minn. at 64. *Murphy* differs from the case at hand, however, in that the beneficiaries of the two wills were different.

Other cases have held that the executor does not have standing to challenge a later will. Representative of such cases is *Dillow v. Campbell*, 453 P.2d 710 (Okla. 1969). There, the decedent had left a will and a codicil. The codicil's only change to the will was the revocation of Dillow's nomination as co-executor and co-trustee. Dillow challenged the validity of the codicil because such was not

executed and attested as required by law. The executor appointed by the codicil filed a motion with the Oklahoma Supreme Court to dismiss Dillow's appeal because Dillow did not have the pecuniary interest of a beneficiary and was not an interested party.

Oklahoma had a statute stating that any interested person may appeal and contest a will. The *Dillow* court recognized case law which held that an executor is an interested person, "not upon the basis of an interest measured by the extent of the prospective commissions to the executor, but primarily by his [or her] duty to see that no alleged fraudulent will is admitted to probate without objection." 453 P.2d at 713.

According to the Oklahoma court, those courts in jurisdictions which have permitted executors to contest the validity of a will have reasoned that the executor represented the legatees and devisees, while other courts have not permitted similar contests when it would be unjust to involve the estate in litigation at the expense of the legatees and devisees. Consequently, the *Dillow* court held that the executor's interest in compensation for his services was insufficient to give him a beneficial interest sufficient to challenge admission of the codicil. 453 P.2d at 713.

We conclude the better practice follows the reasoning of the Kentucky and Minnesota courts and dictates that an executor may file a petition for probate as an interested party. Such executor has standing to challenge a subsequently offered codicil purporting to appoint a different person as executor.

Turning to the appellant's substantive arguments, Cole first contends the district court erred in finding the codicil was properly executed and in admitting the codicil to probate. Whether a purported will was properly executed according to the statutory requirements and thereby valid is a conclusion of law. See *In re Estate of Bond*, 159 Kan. 249, 251, 153 P.2d 912 (1944). An appellate court's review of conclusions of law is unlimited. *Lindsey v. Miami County National Bank*, 267 Kan. 685, 689-90, 984 P.2d 719 (1999).

The requirements for the proper execution of a will are found in K.S.A. 2002 Supp. 59-606, which states:

"Every will, except an oral will as provided in K.S.A. 59-608 and amendments thereto, shall be in writing, and signed at the end by the party making the will, or by some other person in the presence and by the express direction of the testator. Such will shall be attested and subscribed in the presence of such party by two or more competent witnesses, who saw the testator subscribe or heard the testator acknowledge the will. Such will, at the time of its execution or at any subsequent date during the lifetimes of the testator and the witnesses, may be made self-proved, and the testimony of the witnesses in the probate of the will may be made unnecessary by the acknowledgments of the will and the affidavits of the testator and the attesting witnesses. Such acknowledgments and affidavits shall be made before an officer authorized to take acknowledgments to deeds of conveyance and to administer oaths. Such acknowledgments and affidavits shall be evidenced by the certificate, with official seal affixed, of such officer attached or annexed to such will in form and contents substantially as follows:

State of _____

County of _____ ss.

"Before me, the undersigned authority, on this day personally appeared _____, _____, and _____ known to me to be the testator and the witnesses, respectively, whose names are subscribed to the annexed or foregoing instrument in their respective capacities, and, all of such persons being by me first duly sworn, such _____, testator, declared to me and to the witnesses in my presence that such instrument is the testator's last will and testament, and that the testator had willingly made and executed it as the testator's free and voluntary act and deed for the purposes therein expressed. Such witnesses, each on the witness' oath stated to me, in the presence and hearing of the testator, that the testator had declared to them that such instrument is the testator's last will and testament, and that the testator executed same as such and wanted each witness to sign it as a witness. Upon their oaths each witness stated further that they did sign the will as witnesses in the presence of each other and in the presence of the testator and at the testator's request, and that the testator at that time possessed the rights of majority, was of sound mind and under no restraint.

_____ (Testator)

_____ (Witness)

_____ (Witness)

"Subscribed, acknowledged and sworn to before me by _____, testator, and _____ and _____, witnesses, this _____ day of _____, A.D. _____.

(Seal)　　(Signed) _____

_____

(Official capacity of officer)

"If an affidavit substantially in conformance with the affidavit described in this section is executed at the time of the execution of the will, no other signatures of the witnesses or any other attestation clause is required.

"A self-proved will, unless contested, shall be admitted to probate without the testimony of any subscribing witness, but otherwise it shall be treated no differently than a will not self-proved. A self-proved will may be contested or be revoked, or be amended by a codicil in the same fashion as a will not self-proved. A codicil or the consent to take under the will by the spouse may be self-proved in the same manner as a will may be self-proved."

Unless a document meets the requirements of K.S.A. 59-606, such is not a will. *In re Guardianship of Slemp*, 11 Kan. App. 2d 156, 158-59, 717 P.2d 519, *rev. denied* 239 Kan. 694 (1986).

The validity of Alice's codicil is in question because she did not sign the signature line immediately following her codicil. However, Alice did sign the self-proving portion of her codicil. The question is whether such execution is sufficient to meet the requirements of K.S.A. 2002 Supp. 59-606.

Cole argues the codicil is invalid, citing *In re Estate of Bond*, 159 Kan. 249. There, the purported will was handwritten by the testator and contained the phrase, " 'the will of H.G. Bond.' " Although the document was signed by two witnesses, the testator did not sign the purported will. Our Supreme Court rejected the argument that the writing of the testator's name anywhere on the document was intended as a proper signature. Without meeting the signature requirement, the intent of the testator was irrelevant. 159 Kan. at 253.

The facts here differ from *Bond* because Alice's signature does appear, but her signature is after the self-proving portion of the codicil. Cole argues the language of K.S.A. 2002 Supp. 59-606 clearly differentiates between the signature after the will (or codicil) and the signature after the self-proving portion of the codicil in a number of ways. First, because the statute allows a will to be made self-proved at a later time, the legislature expressed the intent that the two documents be treated separately. Second, although a will is valid if the witnesses only sign the self-proved portion of the will, the statute provides no similar exception for the testator. Third, the statute states that other than eliminating the need for the testimony of the witnesses, a self-proved will shall not be treated any differently than a will not self-proved. Cole argues

these statutory provisions compel the finding that the codicil here was invalid.

Barry argues the codicil was valid because such was signed at the end, although it was after the self-proving portion of the will. Instead of requiring two separate documents, Barry points out K.S.A. 2002 Supp. 59-606 allows the self-proving portion to be at the end of the will. Here, the self-proving portion of the codicil is found on the same page as the signature block for the codicil.

There is case law to support Barry's assertion that the challenged codicil here meets the statutory requirements. In *In re Estate of Petty*, 227 Kan. 697, 608 P.2d 987 (1980), the heirs argued the will offered for probate was not properly executed because the will was not signed at the end as required by K.S.A. 59-606. In *Petty*, it was not the signature of the testator, but the other witnesses that were missing at the end of the will. Instead, the witnesses signed the self-proving portion following the will.

The *Petty* court noted the self-proved portion appeared on the same page as the last article of the will, and was incorporated into the will by words of reference. 227 Kan. at 702. The court concluded: "[U]nder the circumstances of this case, where the subscribing witnesses signed 'a self-proving' sworn statement which appeared on the last page of the will after all of the dispositive provisions, the signatures were sufficiently at the end of the will to comply with the provisions of K.S.A. 59-606." 227 Kan. at 703.

Similarly, here, Alice's signature appears after the self-proving portion at the end of the codicil. The self-proving portion provides that Alice declared to the witnesses that the document was her codicil and she executed the codicil without any restraint. We conclude the challenged codicil here was properly executed.

However, Cole argues even if properly executed, the codicil constitutes an impermissible alteration of the contractual will signed by Alice and her husband Roy. Barry does not dispute that the will is contractual, but argues the codicil is permissible because the codicil did not change the disposition and distribution of the assets.

In *In re Estate of Stratmann*, 248 Kan. 197, 203, 806 P.2d 459 (1991), our Supreme Court stated:

"Mutual wills made pursuant to an agreement not to revoke are contractual as well as testamentary in nature and impose an irrevocable obligation on the surviving testator upon the death of the other testator. [Citation omitted.] Nevertheless, the contractual will may be revoked and probate prevented. [Citation omitted.] The revocation breaches the contract, however, so that any beneficiary under the revoked will is entitled to make a claim against the estate of the testator. [Citation omitted.]"

See also 79 Am. Jur. 2d, Wills § 799, p. 855 ("In equity at least, a person who is a beneficiary under a contract between two other persons to make wills with mutual and reciprocal provisions can maintain a suit to enforce the contract.")

Cole relies upon cases which hold a court normally must appoint an executor named in a testator's will if the executor is competent. See *In re Estate of Grattan*, 155 Kan. 839, 853, 130 P.2d 580 (1942). Cole argues that under these circumstances, Alice could not alter the provision designating the executor in the contractual will without breaching the contract.

While the codicil does alter the terms of the will, thereby allowing Barry to act as the executor, the codicil is not a material breach of the contractual will. The purpose of the will was to designate Barry as the single beneficiary of their estate. At the time Alice and Roy executed the will in 1964, Barry was approximately 18 months old. When Alice executed the codicil, Barry was over 30 years old and was fully capable of acting as executor for his own benefit. By appointing Barry as executor, Alice was simply eliminating the necessity to compensate a different executor. Under the facts of this case, we conclude Alice's alteration of the will was not a material change, and the codicil's effectiveness was not limited by the terms of the contractual will.

This court reviews a district court's refusal to appoint an executor expressly named in a will for abuse of discretion. *In re Estate of Adams*, 237 Kan. 556, 557, 701 P.2d 965 (1985). Under the specific facts of this case, Cole has not convinced this court that the district court abused its discretion when refusing to appoint Cole as the executor of Alice's estate.

Affirmed.