NOT DESIGNATED FOR PUBLICATION

No. 126,450

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Estate of MARTHA MATHER.

MEMORANDUM OPINION

Appeal from Johnson District Court; JAMES CHARLES DROEGE, judge. Oral argument held March 6, 2024. Opinion filed April 12, 2024. Reversed and remanded.

*Michael R. Ong*, of Ong Law Firm, P.A., of Overland Park, for appellant Linda Royceann Mather.

*Daniel P. Wheeler* and *Aaron Kirkland*, of Kirkland Woods & Martinsen LLP, of Overland Park, for appellee Ronald A. Mather.

Before WARNER, P.J., ATCHESON and BRUNS, JJ.

PER CURIAM: This case involves a legal dispute between two siblings—Linda Royceann Mather and Ronald Mather—regarding the validity of a Second Codicil executed by their mother, Martha L. Mather, to purportedly amend the terms of her Last Will. The district court concluded that Royceann lacked standing to file a petition to probate her mother's Will and to challenge the validity of the Second Codicil. As a result, the district court dismissed this action. In addition, the district court found that it did not have the statutory authority to rule on the validity of the Second Codicil.

For the reasons stated in this opinion, we conclude that Royceann has standing to petition for the probate of her mother's Last Will and to challenge the validity of the Second Codicil signed several years after the Will was executed. Likewise, we conclude

1

that the district court has the authority to determine the validity of the Second Codicil. Thus, we reverse the district court's decision, and we remand this matter for further proceedings.

FACTS

On October 12, 2012, Martha executed a document entitled the Last Will of Martha L. Mather. After the payment of final expenses, the Will provided that Martha's remaining assets be placed into a trust that she had created in 2001. The trustee was granted the authority "to hold [the property in the 'residuary estate'] and to administer and distribute [it] as a part of the trust estate . . . ."

In the will, Martha named her children—Royceann and Ronald—as the "Personal Representatives" of her estate. The Will defined "Personal Representative" to encompass "the terms 'executor' or 'administrator' if those terms are used in the statutes of any state which has jurisdiction over all or any portion of my estate." In addition, Martha identified another son as her child but "intentionally made no provisions for [him] under my Will."

On January 13, 2017, Martha signed a First Codicil amending her Last Will in which she made Ronald the sole Personal Representative of her estate. Then, on May 10, 2017, Martha signed the Second Codicil that is the subject of this appeal. The Second Codicil amended the "Disposition of Estate" by naming Ronald to receive "all of the common stock of Donald R. Mather Construction Co., Inc." and naming Royceann to receive "[a]ll remaining assets in the Donald R. Mather Revocable Trust . . . ."

On December 6, 2020, Martha died at the age of 93. A review of the record reveals that her husband Donald Mather had predeceased her in 2008. About four months after Martha's death, Ronald filed an affidavit in the district court under K.S.A. 2020 Supp. 59-618a in which he attached her Last Will, the First Codicil, and the Second

2

Codicil. However, Ronald did not seek to probate Martha's estate. Instead, Ronald indicated in his affidavit that he was submitting these documents to the district court "for the purpose of preserving the same for record in the event that probate proceedings are later required."

On October 29, 2021, Royceann filed a petition seeking to probate her mother's Last Will and requesting that the district court declare the Second Codicil to be void. In her petition, Royceann stated that she "has an interest in decedent's estate as the daughter and one of the heirs of Martha." Although the merits of her claims are not before us on appeal, we note that Royceann alleged—among other things—that Martha "was not of sound mind and lacked the necessary testamentary capacity to execute a valid codicil to her Will" at the time the Second Codicil was signed. Additionally, Royceann claimed that Martha was "subject to undue influence exerted over her by Ronald Allen Mather."

In response, Ronald moved to dismiss Royceann's petition for failure to state a claim upon which relief may be granted under K.S.A. 2020 Supp. 60-212(b)(6). Specifically, he claimed that Royceann lacked standing to petition the Last Will for probate because she was not a beneficiary under the Last Will because all of the residuary estate was to go into Martha's trust. In the alternative, Ronald filed a counterclaim that sought admission of the Last Will, the First Codicil, and the Second Codicil as the combined valid last will and testament of the decedent.

On December 15, 2021, Royceann filed a response to Ronald's motion to dismiss in which she reiterated her interest in this matter. She explained that prior to the Second Codicil, the assets of Donald's trust were to be distributed in equal shares to her and to Ronald. However, the Second Codicil purports to grant all of the common stock of Donald R. Mather Construction Co., Inc., to Ronald. As a result, Ronald would receive approximately 95% of the trust assets if the Second Codicil is found to be valid and that this "is a dramatic alteration of the prior estate plan disposition of assets."

3

After a nonevidentiary hearing held on January 25, 2022, the district court granted Ronald's motion to dismiss on the basis that Royceann lacked standing to request admission of the Last Will dated October 12, 2012. In addition, the district court found that it did not have the authority to declare the Second Codicil void because no one had requested that the district court admit it to probate under K.S.A. 59-2225.

Thereafter, Royceann filed a timely notice of appeal from the district court's ruling. We note that the parties referenced in their briefs and in their oral arguments two other cases pending in Johnson County District Court that are related to this case. One involves Martha's trust and the other involves Donald's trust. However, these cases are not part of this court's record on appeal.

ANALYSIS

*Royceann's Standing*

The first issue presented on appeal is whether Royceann has standing to bring this action seeking to probate the Last Will of Martha L. Mather and to challenge the validity of the Second Codicil. Standing to bring an action is a requirement to bring a case or controversy before Kansas courts. *Solomon v. State*, 303 Kan. 512, 521, 364 P.3d 536 (2015). It is also a component of subject matter jurisdiction. See *Cochran v. Kansas Dept. of Agriculture*, 291 Kan. 898, 903, 249 P.3d 434 (2011).

When the issue of standing is presented at the pleading stage, the plaintiff has the burden of establishing a prima facie case for standing in the case. See *In re Adoption of T.M.M.H.*, 307 Kan. 902, 915-16, 416 P.3d 999 (2018). Under Kansas law, in order to establish a prima facie case of standing, a plaintiff must show that (1) he or she suffered a cognizable injury; and (2) there is a causal connection between the alleged injury and the challenged conduct. *Solomon*, 303 Kan. at 521. If standing is not shown, "'there is no

4

justiciable case or controversy' and the suit must be dismissed. [Citation omitted.]" *Board of Sumner County Comm'rs v. Bremby*, 286 Kan. 745, 750, 189 P.3d 494 (2008).

As a practical matter, the question of standing "asks whether a party has a sufficient stake in the controversy to warrant invocation of jurisdiction and to justify the exercise of the court's remedial powers on that party's behalf." *In re Estate of Mouchague*, 56 Kan. App. 2d 983, 986, 442 P.3d 125 (2019) (citing *Board of Johnson County Comm'rs v. Jordan*, 303 Kan. 844, 854, 370 P.3d 1170 [2016]). Because standing is a component of subject matter jurisdiction, it is a question of law over which we have unlimited review. *Chalmers v. Burrough*, 314 Kan. 1, 7, 494 P.3d 128 (2021). Moreover, we also exercise unlimited review on issues relating to statutory interpretation. *In re Joint Application of Westar Energy & Kansas Gas and Electric Co.*, 311 Kan. 320, 328, 460 P.3d 821 (2020).

K.S.A. 59-2221 provides that "[a]ny person interested in the estate, after the death of the testator or intestate, may petition for the probate of his or her will or for administration." Kansas courts have interpreted the words "any person interested in the estate" to include a broad class of petitioners. See *In re Estate of Milward*, 31 Kan. App. 2d 786, 789, 73 P.3d 155 (2003) (executor of will has standing to challenge subsequently offered codicil purporting to appoint a different executor); *Gatewood v. Bosch*, 2 Kan. App. 2d 474, 478, 581 P.2d 1198 (1978) (tort claimant who claimed $1,400 in tort damage against the estate is an interested party who could have petitioned a will for probate); *In re Estate of Sauceda*, No. 122,911, 2021 WL 1323807, at *2 (Kan. App. 2021) (unpublished opinion) (creditor with claim against estate may petition for administration). Similarly, under K.S.A. 59-2224, "[a]ny heir, devisee, or legatee may prosecute or oppose the probate of any will." See *In re Estate of Beason*, 248 Kan. 803, 806, 811 P.2d 848 (1991).

Here, as Martha's children, both Royceann and Ronald are heirs of the decedent who "may prosecute or oppose the probate of [their mother's] will." K.S.A. 59-2224; K.S.A. 59-501 et seq. (intestate succession); see *Jackson v. Lee*, 193 Kan. 40, 44, 392 P.2d 92 (1964) (heir is word commonly understood in Kansas to mean one who takes by intestate succession under the Kansas statutes). Moreover, we find that Royceann is a "person interested in the estate"—as that term is used in K.S.A. 59-2221—because she is expressly mentioned in both the Last Will of Martha L. Mather that she seeks to have probated and in the Second Codicil that she seeks to challenge. Additionally, it is undisputed that the Second Codicil—if found to be valid—amends the "Disposition of Estate" as set forth in Martha's will.

It is also undisputed that if the Second Codicil is found to be valid, it would have a negative financial impact on Royceann. Significantly, if the district court enforces the provisions of the Second Codicil, Ronald would receive control of all of the common stock of Donald R. Mather Construction Co., Inc., that is being held in trust while Royceann would receive only any assets that may remain. On the other hand, if the district court finds the Second Codicil to be void or invalid, Ronald and Royceann would equally divide control of the common stock in the construction company.

Under these circumstances, we find that Royceann has a sufficient stake in the controversy over the validity of the Second Codicil and its impact on the Last Will of Martha L. Mather to warrant invocation of the district court's jurisdiction and to justify asking the district court to exercise its remedial powers on her behalf. Ronald suggests that Royceann lacks standing because the trust established by Martha is the sole beneficiary of her estate. But—as discussed above—it is not only beneficiaries who have standing to seek to probate a will or to challenge subsequent codicils that ostensibly amend a decedent's original will.

6

*District Court's Authority*

Next, Royceann contends that the district court erred in ruling that it lacked statutory authority to grant her the relief she requested in her petition. In granting the motion to dismiss, the district court found that neither party had requested that the Second Codicil be admitted to probate. Further, the district court found that Royceann had not met the requirements of K.S.A. 59-2225 of the Kansas Probate Code, stating that "no legal authority exists for the Court to declare void a testamentary document that no one has asked the Court to admit to probate." As discussed above, our review over issues involving statutory interpretation is unlimited. *In re Westar Energy*, 311 Kan. at 328.

K.S.A. 59-2225 of the Kansas Probate Code provides the procedure for parties seeking to admit competing wills:

> "If, after a petition for the probate of a will has been filed, another instrument in writing purporting to be the last will or codicil shall be presented, proceedings shall be had for the probate thereof and thereupon the hearing on the petition theretofore filed shall be adjourned to the time fixed for the hearing of the subsequent petition. At such time proof shall be had upon all of such wills, codicils, and all matters pertaining thereto, and the court shall determine which of such instruments, if any, should be allowed as the last will."

On April 23, 2021, Ronald filed the Last Will of Martha L. Mather, the First Codicil, and the Second Codicil in the district court. In an accompanying affidavit filed pursuant to K.S.A. 2020 Supp. 59-618a, Ronald averred that the purpose of the filing was to preserve these documents "for record in the event that probate proceedings are later required." Subsequently, Royceann filed a petition to probate Martha's will—which was executed in 2012—asking the district court to declare the Second Codicil to be void because her mother lacked testamentary capacity and/or was subject to undue influence when she signed the document in 2017.

7

In addition to filing his K.S.A. 2020 Supp. 60-212(b)(6) motion for failure to state a claim in which he claimed that his sister lacked standing, Ronald also filed written defenses in which he asserted what he called a "contingent alternative counter-claim." In this document, Ronald asked the district court to admit Martha's original will, the First Codicil, and the Second Codicil to be probated if Royceann was allowed to go forward on her petition. According to Ronald, "all three testamentary documents collectively comprise the Last Will and Testament of the decedent."

Because we have found that Royceann has standing to bring her petition seeking to probate the original will, we also find that the district court has the statutory authority under K.S.A. 59-2225 to determine the dispute between the parties over the validity of the respective testamentary instruments. The plain and unambiguous language of K.S.A. 59-2225 provides that "proof shall be had upon all of such wills, codicils, and all matters pertaining thereto, and the court shall determine which of such instruments, if any, should be allowed as the last will."

Finally, we also note the district court's authority under K.S.A. 60-1706:

"Any executor, administrator, trustee, guardian or other fiduciary, creditor, devisee, legatee, heir, next of kin, or beneficiary, in the administration of a trust, or of the estate of a decedent . . . or any person holding an interest in such trust or estate, may seek and obtain declaration of rights or legal relations to:

. . . .

"(c) determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings."

Here, Martha named Royceann as one of the "Personal Representatives" of her estate under the terms of the original will and thus gave her the powers of an "executor" and an "administrator." See K.S.A. 59-102(2) (personal representative includes executors and administrators); K.S.A. 59-3204 (setting forth duties of executor or administrator

8

under probate code). Of course, she was also Martha's child and heir. See K.S.A. 59-2224; K.S.A. 59-501; *Jackson*, 193 Kan. at 44. So, Royceann could also seek a declaration of her rights under the terms of the various testamentary instruments signed by her mother—and the district court had the authority "to . . . determine any . . . questions of construction of [the will] and other writings"—pursuant to K.S.A. 60-1706.

CONCLUSION

In summary, we find that Royceann has standing to pursue this matter. We further find that the district court has the statutory authority to consider Royceann's claim—as well as Ronald's counterclaim—relating to the validity of the Last Will of Martha L. Mather and the codicils in order to determine which documents should be considered to be Martha's last will. We do not, however, take a position on the merits of any of the claims or defenses asserted by the parties. Likewise, we will yield to the sound discretion of the district court regarding how to handle the pending cases involving disputes between Royceann and Ronald from a procedural perspective.

We, therefore, conclude that the district court's journal entry dismissing this action should be reversed, and we remand this matter for further proceedings consistent with this opinion.

Reversed and remanded for further proceedings.

9